### 4725.  MURPHY *v.* THE STATE.

### 4726.  STEWART *v.* THE STATE.

The presiding judge may with propriety ask a witness such questions as may tend to elicit the truth as to a transaction which is under investigation, but he should be careful that no intimation of his opinion is conveyed to the jury by the questions propounded. Such an opinion might be expressed or intimated by the form of the questions propounded, and the rights of one of the parties to a fair trial might thus be prejudiced and impaired; and, on proper exception in such a case, reversal of a judgment refusing a motion for a new trial would necessarily result.
DECIDED SEPTEMBER 16, 1913.

Accusation of sale of liquor; from city court of Brunswick—Judge Krauss. November 23, 1912.

A. D. *Gale,* for plaintiffs in error.

A. H. *Crovatt, solicitor, H. F. Dunwody,* contra.

RUSSELL, J. The defendants were charged with a violation of the prohibition law. There is evidence which would authorize the verdict of guilty returned by the jury. The circumstances in proof would authorize the conclusion that the room in which one of the witnesses stated he had purchased intoxicating liquor was frequently used by the defendants as a place for such illegal sale. The witness Emmett Butts, however, is the only person who testified about purchasing intoxicating liquor; and without his evidence the acquittal of the defendants would, so far as appears from the record, have resulted as a matter of course. It is complained that after the solicitor of the city court had announced that he had no further questions to propound to this witness (who at that time had not testified to anything which would tend to criminate the accused), the judge subjected the witness to a severe and searching cross-examination, starting with the following question: "Witness, if you don't know anything more about this case than you have testified to, how is it they have you up here as a witness? Didn't you tell the officer you had purchased intoxicating-liquors at this place?" To this question the defendants objected, upon the grounds that the court undertook to cross-examine the witness upon the part of the State without any proper foundation having been laid, and that the testimony sought was hearsay and related to a voluntary statement upon the part of the witness, which was not made in the presence of the defendants, and which therefore could not be given in evidence against them. These objections were overruled. Thereafter the witness testified to having told Mr. McCullough and Mr. Owens that he had gotten some whisky in the restaurant of a negro named Dabb, and that upon the advice of his employer, Mr. McCullough, he told the sheriff about it. This testimony was objected to upon grounds similar to those interposed to the court's question. The judge declined to approve the first ground of the amendment to the motion for a new trial, and, from his approval of the second ground, what occurred, as stated by the court, is as follows: In substance the court interrogated the witness as objected to in the second ground. This interrogation did not occur until after coun-

sel for the State and counsel for the defendants had examined the witness. The inquiry by the court, as to whether or not the witness had informed the officers of his connection with the alleged purchase of the intoxicating liquors, was made as a matter of inducement and for the purpose of ascertaining the truth.

We doubt not that the sole motive of the learned trial judge was to ascertain the truth of the transaction, but it is never proper for a judge to discharge the duties of a prosecuting attorney. However anxious a judge may be for the enforcement of the law, he should always remember that he is as much judge in behalf of the defendant accused of crime and whose liberty is in jeopardy as he is judge in behalf of the State, for the purpose of safeguarding the interests of society. It is very plain that up to the point where the trial judge took charge of this witness the State had utterly failed to make a case. Whether the accused be guilty or innocent, he is entitled to be tried according to the voluntary testimony of the witnesses who appear and are sworn freely and voluntarily to testify. The natural effect of the judge's question, regardless of what the witness might have answered, was to impress the jury that the truth of the transaction was that the witness had purchased intoxicating liquors from these defendants; for the judge asked the witness if he had not previously told the officers that he had done so. The witness, being apprised that the judge knew of his previous statements, would naturally be impelled by fear to repeat a statement he had previously made; and that is precisely what happened in this case. It was, no doubt, plain to the jury, from the court's mode of questioning this witness, that the judge was firmly of the opinion that the witness, when first testifying, evaded and concealed the truth, and that it was the judge's opinion that if the truth were told, there would be sufficient evidence to authorize a conviction. The same statement applies to the questions asked the witness Will Andrews. The judge certifies, that he did not ask this witness any questions until the witness had been examined by counsel for the State and for the accused, and that his questions were asked only in the interest of the truth and for the purpose of ascertaining the truth. We do not question the motive of the trial judge, but it can not be doubted that such queries on the part of the presiding judge accentuate and impress upon the jury the answer

28

of the witness by conveying a clear and forcible intimation of the judge's opinion in the premises.

The defendants may be guilty, and if so they should be punished; but they should not be found guilty in a court of law except upon a legal trial. In a criminal case the jury, and not the judge, sums up the evidence. When this witness Butts, after he had been examined by counsel for the State and counsel for the accused, and in his testimony had failed to give any information which would authorize the conclusion that the defendants were guilty, was faced by the judge with the question as to his former statements to the officers, and the judge had said to him, "Witness, if you don't know anything more about this case than you have testified to, how is it that they have you up here as a witness?" the impression would have been made even upon a casual listener that the judge thought the witness knew more than he had told; and how much more strongly impressed were the jury, who looked to the court for guidance?

This case is controlled by the decision of this court in *Sharpton v. State*, 1 *Ga. App.* 542 (57 S. E. 929), and a number of subsequent decisions. The judge has the right to ask questions to elicit the truth, but the form of his interrogatory must be such as not to intimate or express an opinion as to the truth of the case or the merits of the contentions of either of the parties. An intimation of opinion by question is as repugnant to the provisions of the code (Penal Code, § 1058; Civil Code, § 4863) as a direct statement of the opinion would be.          *Judgment reversed.*