## 48926. McMANUS v. THE STATE.

EVANS, Judge. The defendant was indicted and tried for murder. He was convicted of voluntary manslaughter and sentenced to serve 20 years. Motion for new trial was duly filed, amended and overruled. Defendant appeals. *Held:*

1. Errors are enumerated as to the court's charge on mutual combat. The court charged that mutual combat exists where there is a fight with dangerous and deadly weapons and where both parties are at fault and are willing to fight because of a sudden quarrel. Defendant contends that there was no evidence of a mutual intention to fight. However, it can be easily inferred from the defendant's testimony that the parties had a quarrel and the defendant got out of the passenger side of the front seat of an automobile, went around to the driver's side, where the victim was sitting, and when the victim got out of the automobile they proceeded to fight. The wife testified simply that the defendant shot and killed her husband without provocation. The defendant contends the victim, after fighting by both with their fists, obtained the pistol from the car and when the defendant attempted to prevent the victim from pointing it at the defendant the gun went off and the victim was killed. The evidence amply authorized a charge on mutual combat, although this was not a fight in the beginning with dangerous and deadly weapons. After the fight had started the defendant contends the victim obtained the pistol and was shot when the defendant sought to prevent the victim attacking him. There is no merit in the objections to the charges on mutual combat.

2. Defendant complains that the court erred in failing to charge the law of involuntary manslaughter in the commission of an unlawful act, contending the evidence that the victim pointed a pistol at him as well as the evidence of simple assault, both being unlawful acts, required a charge on involuntary manslaughter in the commission of an unlawful act. But the unlawful act referred to in Code Ann. § 26-1103 is the act of the person who commits the manslaughter, not the act of the victim. While such a charge might have been required if the defendant were guilty of a simple assault, he testified in this instance that the victim struck the first blow by knocking him down. A charge of this Code section was not required. There is no merit in this complaint.

The wife's testimony shows there was a killing without provocation. The defendant's testimony shows there was an accident or justification. Only by the use of imagination or fantasy could it be inferred that the deceased was killed involuntarily by the defendant in the commission of the unlawful act of simple assault.

3. Since the wife's testimony shows at most, murder, and the defendant's testimony shows at most, justification, the grade of offense was for the jury to determine by sifting the evidence. The evidence was sufficient to sustain the verdict.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 11, 1974 — DECIDED FEBRUARY 8, 1974.

*William P. Holley, Wayne Williams,* for appellant.

*George W. Darden, District Attorney, P. Samuel Huff,* for appellee.