## 30279. KESLER v. THE STATE.

INGRAM, Justice.

Appellant was convicted by a jury in Banks Superior Court of murdering Marvin D. Massey and received a sentence of life imprisonment. His appeal to this court rests upon several enumerations of error relating to the jury instructions of the trial court. The appellant admitted the homicide but defended the murder charge on the basis that he acted in self-defense and that the homicide was justifiable. We find no reversible error and affirm the judgment.

Appellant and the decedent had an argument on the evening of the homicide about some money which the decedent owed to a third party. Apparently, the appellant

had supported the third party's claim that the decedent owed the money and should pay it. The decedent got the impression that appellant was trying to take the money from him and resented it. There was evidence that appellant initiated the verbal argument that evening but no physical blows were exchanged between the parties. Both men had been drinking intoxicants. Finally, after an exchange of unpleasantries, decedent told appellant he "had had about enough of him," and appellant replied that "he'd had about enough of [decedent] too." The decedent then grabbed at appellant twice and, in his second effort, fell to the ground. Appellant was backing up and the decedent was advancing toward him. As the decedent moved toward appellant, he put his hand in his pocket and appellant apparently thought the decedent was armed. Appellant pulled out his gun and told the decedent to stop, and when he did not, appellant shot him. There was evidence the decedent was unarmed on the evening of the homicide. However, appellant contended that the decedent had threatened to shoot him on prior occasions and that he shot the decedent out of fear for his own life, believing that the decedent was about to shoot him. After the shooting, appellant went to the county jail, knocked on the door of the sheriff's living quarters and, upon the sheriff's opening the door, went in and told the sheriff he had just shot Marvin Massey. He turned over the gun to the sheriff and then stayed at the jail. Appellant did not relate all the details at that time but subsequently, after being advised of his constitutional rights, made a statement to a GBI officer about the events surrounding the shooting. In this statement, appellant admitted he shot the decedent and offered his explanation of why and how it occurred.

Appellant contends the trial court erred in charging the jury on the law of admissions and incriminating statements because appellant's statement and testimony at trial shows circumstances of justification or legal excuse for the homicide. Appellant relies upon *Daniel v. State,* 187 Ga. 411 (1 SE2d 6) in support of this enumeration of error.

It must be borne in mind that the trial court did not charge on the law of confessions. *Daniel* held (in Div. 4)

that if a defendant makes an extrajudicial statement admitting a homicide but couples the admission with facts which excuse or justify the homicide, the defendant's statement is not a confession and it is error to charge the law of confessions. Thus *Daniel* does not support appellant's contention but rather indicates the trial court correctly tailored its charge to the facts of the case by omitting a charge on the law of confessions. The charge given, covering admissions and incriminating statements, was appropriate and adjusted to the evidence (see *Parker v. State,* 218 Ga. 654 (2) 656 (129 SE2d 850) (1963). Cf. *O'Neal v. State,* 213 Ga. 232 (98 SE2d 376) (1957)), and no error appears from this enumeration.

Appellant also contends the trial court failed to recharge the jury, upon request by the jury, on the law applicable to the facts of the case. The transcript shows that the jury came in and the foreman stated to the trial judge that he understood the judge had made some reference in his charge to involuntary manslaughter being in issue in the case. The trial judge then instructed the jury that his earlier reference to manslaughter was incorrect and that "[i]t is either murder or nothing. Guilty or not guilty, . . ."

Two enumerations of error relate to this episode of the trial. The first is that the trial judge should have repeated the entire charge to the jury, and the second is that the judge's additional instruction to the effect that manslaughter was not involved in the case amounted to an unlawful expression of opinion. We find no merit in either of these contentions.

"The giving of a recharge to the jury as to one issue in the case does not require a recharge in toto." *Creamer v. State,* 229 Ga. 704 (4) (194 SE2d 73) (1972). This is especially true where it clearly appears, as it does here, that the recharge dealt specifically with the question posed by the jury in its request for recharge.

As to appellant's remaining contention that the trial judge unlawfully expressed an opinion by his recharge that manslaughter was not in issue, we note that neither at trial nor in his brief has appellant taken the position that a charge on manslaughter should have been given. There was no request to charge on manslaughter and no

contention that it was an issue in the case. As we read the transcript, the defense was that, although appellant committed the homicide, it was justified and legally excusable because appellant was in fear for his own life and shot the deceased in self-defense. See *Williams v. State,* 232 Ga. 203 (206 SE2d 37) (1974). Thus the trial court did not unlawfully express an opinion to the jury when he instructed the jury in a recharge that manslaughter was not involved in the case.

An additional error asserted by appellant is that under the evidence in this case the trial judge should have instructed the jury, sua sponte, that if the jury believed the appellant was justified, it would be the duty of the jury to render a verdict of acquittal. This issue was recently ruled on by this court in *Lavender v. State,* 234 Ga. 608. There a majority of this court decided that such an instruction is not necessary where the trial judge's charge fairly presents the defendant's justification theory of the homicide.

In the present case, the trial judge fully charged on the doctrine of reasonable fears and justification and made clear to the jury that appellant should receive the benefit of any reasonable doubt as to whether the homicide was murder or was justifiable. Therefore, this enumeration of error is without merit.

A final enumeration of error, relating to a fragment of the court's charge on the duty of a person not to take advantage of another in defending himself as a result of an emergency created by the first person, is also without merit. This instruction came in connection with an explanation by the judge to the jury as to when a person may use force in self-defense. It was adjusted to the evidence and a correct statement of the law. See *Domingo v. State,* 213 Ga. 24 (3) (96 SE2d 896) (1957).

*Judgment affirmed. All the Justices concur.*

Submitted September 2, 1975 — Decided September 23, 1975.

*L. Eddie Benton, Jr.,* for appellant.
*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant*

*Attorney General,* for appellee.