## 52085. MURRAY v. THE STATE.

WEBB, Judge.

Ricky Murray was indicted for murder and convicted of voluntary manslaughter. This appeal followed.

1. Murray contends that it was error for the court to admit into evidence photographs showing the body of the deceased where he fell after Murray shot him. It is urged that the defense was prepared to stipulate the fact of the homicide, that Murray did the shooting, and anything else the photographs depicted so that they added nothing

of probative value to the record and would only inflame the minds of the jury. This issue has been decided adversely to Murray's contention. *Henderson v. State,* 227 Ga. 68, 79 (5) (179 SE2d 76) and cits.; *Trask v. State,* 132 Ga. App. 645, 646 (4) (208 SE2d 591) and cits.

2. The court charged verbatim, as requested by Murray, Criminal Code § 26-903, relating to defense of habitation as a justification for homicide. Complaint is now made that the court did not go further and explicitly charge that the jury must acquit if they found the defendant justified under that Code section. In accordance with the latest pronouncement by the Supreme Court, no reversible error appears. *Lavender v. State,* 234 Ga. 608, 609 (2) (216 SE2d 855), overruling prior cases to the contrary. Accord, *Kesler v. State,* 235 Ga. 251, 254 (219 SE2d 145).

3. Murray argues that the evidence did not authorize the charge to the jury on, and the conviction for, voluntary manslaughter. The victim entered Murray's trailer and threatened and struck him, was locked outside, and then broke back in and was shot. It is contended that an interval of time elapsed between the provocation and the killing "sufficient for the voice of reason and humanity to be heard" (Criminal Code § 26-1102) so that the killing was either murder or justifiable homicide. However, the interval appears to be short, and Criminal Code § 26-1102 provides that "the jury in all cases shall be the judge" of this matter. The contention made here was also made in *Hancock v. State,* 131 Ga. App. 485, 488 (206 SE2d 104), where we said: " 'On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury.' " Accord, *White v. State,* 129 Ga. App. 353 (1) (199 SE2d 624). "The trial judge . . . may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation." *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354). "Since the wife's testimony shows at most, murder, and the defendant's testimony shows at most, justification, the grade of offense was for the jury to determine by sifting the evidence." *McManus v. State,* 130

Ga. App. 840, 841 (204 SE2d 813).

4. Remaining enumerations have not been argued and are deemed abandoned. Rule 18 (c) (2), this court; *Carney v. State,* 134 Ga. App. 816 (216 SE2d 617).

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED APRIL 13, 1976 — DECIDED MAY 6, 1976 — REHEARING DENIED MAY 26, 1976 — ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Van Cheney,* for appellant.

*John W. Underwood, District Attorney, Dupont K. Cheney, Assistant District Attorney,* for appellee.