20298

Willie Marion GUNTER, Appellant, v. STATE of South Carolina, Respondent.

(229 S. E. (2d) 723)

*Messrs. Roy T. Stuckey, Vance L. Cowden,* and *John L. Davidson,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

October 28, 1976.

*Per Curiam:*

The appellant, Willie Marion Gunter, was found guilty of murder and armed robbery and sentenced therefor in the Court of General Sessions for Greenville County. He did not appeal from the judgment of conviction or the imposition of sentence.

This appeal comes from the dismissal of an application for post-conviction relief brought under the Uniform Post Conviction Procedure Act (§ 17-601 through § 17-612, South Carolina Code, Cum. Supp. 1975). In his application Gunter asserted that both the solicitor (without specifying) and the trial judge made "prejudicial remarks" during the trial. As relief he requested a copy of the transcript, specifically the part "where the judge threatened a mistrial and the solicitor's closing remarks."

In its return the State offered [pursuant to § 17-606(a)] an excerpt of the transcript with the comments by the trial judge. The excerpt shows that the trial judge exhorted the solicitor to produce an absent witness to the taking of a statement by the defendant Gunter before trial. The trial judge's comments were not prejudicial and, in addition, were made at an evidentiary hearing out of the presence of the jury. The State also offered a letter from the official court reporter. The letter disclosed (1) that the reporter had consulted with Gunter's trial attorney about the transcript excerpt, and (2) that counsel did not object during or after the completion of the solicitor's closing jury argument. The trial court dismissed the application on the ground that there was no genuine issue of material fact.

The only question on appeal is whether the equal protection clause of the Fourteenth Amendment requires the State to furnish a free, complete, verbatim transcript to an indigent seeking relief under the Uniform Post Conviction Procedure Act. Appellant argues that every indigent prisoner is entitled to a free transcript to search the record for possible error simply because a wealthy prisoner has this advantage. We hold that the State is not constitutionally required to furnish a free transcript to an indigent collaterally attacking his conviction absent a showing of need and when no issues of material fact are raised in the application. Gunter made no showing of need and the application raises no genuine issue of material fact. We affirm the order of dismissal of the lower court.

The United States Court of Appeals for the Fourth Circuit has held that an indigent who desires a transcript for the purpose of seeking collateral relief must show a need for the transcript. Such indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw. *Jones v. Superintendent, Virginia State Farm,* 460 F. (2d) 150 (CA4 1972), petition for rehearing denied

465 F. (2d) 1091; *U. S. v. Shoaf,* 341 F. (2d) 832 (CA4 1964).

Recently the United States Supreme Court held essentially the same thing in *U. S. v. MacCollom,* 426 U. S. . . ., 96 S. Ct. 2086, 48 L. Ed. (2d) 666 (Decided June 10, 1976), which overruled *U. S. v. MacCollom,* 511 F. (2d) 1116 (CA9 1975), the decision on which appellant relies in his brief. This case involves the construction of 28 U. S. C. A. § 753(f) which provides that an indigent federal prisoner may obtain a free transcript for a post-conviction relief action (28 U. S. C. A. § 2255) only under certain conditions. A Federal District Judge must certify that the action is not frivolous and that a transcript is needed to decide the issue presented by the suit. The Court of Appeals construed the act as not prohibiting a District Court from allowing an indigent to obtain a transcript even before he had filed a § 2255 motion. The effect of this construction is to give an indigent a transcript without any showing of need. Reversing, the United States Supreme Court read the statute as requiring the certification.

In addressing itself to the argument that an indigent is in a less advantageous position than a person who can afford to purchase a transcript, the Supreme Court in *MacCollom, supra,* . . . U. S. at page . . ., 96 S. Ct. at page 209, 48 L. Ed. (2d) at page 674 stated:

"It is undoubtedly true that [the prerequisites for furnishing a free transcript] place an indigent in a somewhat less advantageous position than a person of means. But neither the equal protection clause of the Fourteenth Amendment, nor the counter-part equal protection requirement embodied in the Fifth Amendment guarantees 'absolute equality or precisely equal advantages.' . . . In the context of a criminal proceeding they require only 'an adequate opportunity to present [one's] claim fairly. . . .'" (Citations omitted.)

490

We hold that every indigent prisoner applying for relief under the Uniform Post Conviction Procedure Act does not have an absolute right to a free transcript. No such absolute right is constitutionally mandated, *MacCollom, supra.*

Affirmed.