## 58122. FUTCH v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for murder. He was tried and convicted of voluntary manslaughter and sentenced to serve fifteen years. Motion for new trial was filed, amended and thereafter denied. Defendant appeals. *Held:*

1. Defendant's first enumeration of error is that he did not have a fair trial in that he did not have effective assistance of counsel. As evidence of this, defendant cites the courtroom activity of his lead counsel during voir dire examination of the jury, waiver of his motions for preliminary hearing and change of venue, failure to obtain a copy of the autopsy report on the victim, failure to make an opening statement, failure to solicit certain important alleged testimony and the failure to file any requests to charge.

In *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) the Supreme Court has set forth certain standards for the judging of effectiveness of counsel, quoting from MacKenna v. Ellis, 280 F2d 592, 599 (5th Circuit 1960), that effective counsel does not mean "errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance." (p. 639). It is noted in that case the Supreme Court affirmed the judgment as to the denial of a habeas corpus petition based upon the contention of ineffectiveness of counsel. In *Hawes v. State,* 240 Ga. 327, 329 (240 SE2d 833) the Supreme Court again cited MacKenna v. Ellis, 280 F2d 592 and stated that in *Pitts v. Glass,* 231 Ga. 638, supra, "this court adopted the standard for determining the effectiveness of counsel enunciated in MacKenna, supra."

Many of the allegations here as to the ineffectiveness of trial counsel refer to activities which are properly described as trial tactics which are within the exclusive province of the lawyer after consultation with his client. Such decisions of counsel do not equate to ineffective assistance of counsel. See *Harrell v. State,* 139 Ga. App. 556, 557-558 (2) (229 SE2d 723); *Hawes v. State,* 240 Ga. 327, 329, supra. It thus appears that the present counsel

(who apparently did not participate in the trial), by hindsight, seeks to point out alleged errors of defendant's retained trial counsel inasmuch as he might have conducted the defense in a different manner and might have exercised different judgments with respect to the matters referred to above. We do not consider the representation of the defendant to be so inadequate as to be a denial of effective assistance of counsel. See *Johnson v. Caldwell,* 228 Ga. 776, 778 (187 SE2d 844); *Estes v. Perkins,* 225 Ga. 268, 269 (1) (167 SE2d 588). The mere waiver of an opening statement can be characterized as a trial tactic which cannot be equated to ineffective assistance of counsel. See *Dobbs v. State,* 235 Ga. 800, 803 (4) (221 SE2d 576); *Harrell v. State,* 139 Ga. App. 556, supra. It is also noted as a measure of trial counsel's effectiveness that the defendant was charged with murder yet only convicted of the lesser offense of voluntary manslaughter. The severity of the sentence (fifteen years) shows the trial court's interpretation of the evidence against him. It thus appears there is no merit in this complaint as the trial tactics and strategy followed by trial counsel were probably as effective as possible under the circumstances.

2. The defense was based upon the concept of self-defense and justification in the use of deadly force. Error is enumerated to the failure of the trial court "to charge that if the jury found that the acts of the Defendant were justified, then the jury could find him not guilty." It is noted that the court did charge fully on justification and that in order to convict the jury must find the defendant killed the deceased "without any circumstances of justification or mitigation." In considering the charge as a whole the trial judge fully charged the jury that defendant should receive the benefit of any reasonable doubt as to whether the homicide was murder or voluntary manslaughter or was justifiable. Based upon the recent decisions of *Lavender v. State,* 234 Ga. 608 (216 SE2d 855), *Kesler v. State,* 235 Ga. 251, 254 (219 SE2d 145) and *Murray v. State,* 138 Ga. App. 776, 777 (227 SE2d 428), it was not necessary for the trial court to instruct the jury that if the acts of the defendant were justified, then the jury could find him not guilty. The charge as given made it

clear to the jury that his defense was based on self-defense and justification and that he should receive the benefit of any reasonable doubt as to whether the homicide was murder, voluntary manslaughter or was justifiable. See also *Riner v. State,* 147 Ga. App. 707, 709 (250 SE2d 161). There is no merit in this complaint.

3. A motion was made for change of venue which was set down for a hearing on a certain date. Counsel for the defendant, at that time, failed to appear to offer evidence, and the motion was denied. Defendant's present counsel contends there was considerable publicity surrounding the case involving a racial killing and that there was an outburst in the courtroom tending to create a mob atmosphere which would have been impossible for the jury to ignore due to intimidation by the spectators or sympathy aroused by members of the deceased's family. However, no evidence of considerable publicity surrounding the incident has been shown to the court. See Code Ann. § 27-1201 (Ga. L. 1972, p. 536); *Potts v. State,* 241 Ga. 67, 75-76 (8) (243 SE2d 510). As to the motion for a new trial, the present counsel who filed the amended motion for a new trial has failed to produce any such evidence for consideration by the trial court. Hence, no evidence has been produced showing the time and location of the trial was inherently prejudicial or that the jury selection process showed actual prejudice that made a fair trial impossible. See *Street v. State,* 237 Ga. 307, 309 (227 SE2d 750). Further, our examination of the so-called outburst in the courtroom fails to disclose that the trial was inherently prejudicial. We find no error in the denial of the change of venue motion.

4. A trial judge should never express an opinion as to what has or has not been proved or to indicate to the jury his approval of a witness. See *Harris v. State,* 61 Ga. 359; *Murphy v. State,* 13 Ga. App. 431 (79 SE 228); *Bank of Commerce v. First Nat. Bank of Ocilla,* 32 Ga. App. 410 (123 SE 736); *Hillock v. State,* 74 Ga. App. 118 (2) (39 SE2d 69). To avoid any strained appearance of approval of a witness, the trial court should not have addressed an expert witness when leaving the witness stand as "Good to see you." However, no objection or motion for mistrial was made when this alleged improper remark occurred,

and it is dou)tful that the jury was aware that the trial judge had made a comment to this witness although this statement is found in the transcript. Based on *Brooks v. State,* 141 Ga. App. 725, 738 (11) (234 SE2d 541), we find no reversible error.

5. As stated above, the so-called outburst in the courtroom, characterized by present defense counsel as coming from members of the deceased's family present in the courtroom and allegedly making known their presence through an emotional outburst is not shown by the record to be such a demonstration as to intimidate the jury or to create an atmosphere not conducive to a fair and impartial trial. The alleged disturbance referred to was not objected to, and it is unlikely that this single outcry ("That's my brother") coming from an unidentified spectator prejudiced the defendant's entire defense. See *Sheppard v. State,* 235 Ga. 89 (218 SE2d 830). We find no reversible error here.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JULY 11, 1979 — DECIDED SEPTEMBER 7, 1979 — REHEARING DENIED SEPTEMBER 26, 1979 —

*John E. Pirkle,* for appellant.
*Dupont K. Cheney, District Attorney, Kenneth R. Carswell, Assistant District Attorney,* for appellee.

