## 60253. WARNER v. THE STATE.

DEEN, Chief Judge.

Horace Warner appeals following his convictions of theft by taking, credit card theft and violation of the Georgia Firearm and Weapons Act.

1. Appellant contends that the trial court erred in failing to grant a mistrial when counsel for co-defendant Jackson called him as a witness in the presence of the jury. At a bench conference immediately before Warner was called as a witness, Jackson's counsel informed the court of his intention to call the defendant. No objection was made by Warner's counsel. After Warner was called as a witness, the district attorney objected and then his counsel objected. The jury was excused and Jackson's attorney explained that he called Warner to the stand in order to perfect his motion for a severance. No comment was ever made in front of the jury on the defendant's failure to testify. We find no error.

2. Appellant's attorney (who also represented him at trial) contends that the defendant was denied effective assistance of counsel because he did not cross-examine any of the ten witnesses called at trial and failed to provide an opening statement and a closing argument. The record shows that attorneys for the two co-defendants extensively cross-examined the witnesses and made opening and closing statements. In *Pitts v. Glass,* 231 Ga. 638, 639

(203 SE2d 515) (1974), the Supreme Court held that effective counsel does not mean "errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance." As the allegations of ineffectiveness of counsel refer to activities ". . . which are properly described as trial tactics which are within the exclusive province of the lawyer after consultation with his client. Such decisions of counsel do not equate to ineffective assistance of counsel." *Futch v. State,* 151 Ga. App. 519 (260 SE2d 520) (1979). "The mere waiver of an opening statement can be characterized as a trial tactic which cannot be equated to the ineffective assistance of counsel." *Futch,* supra, at 520. The record shows that counsel made three motions for a mistrial, participated in the question of a possible juror disqualification, moved for a directed verdict on one count of the indictment, tried to get the court to accept appellant's guilty plea and presented argument during the sentencing hearing. At that hearing, the judge informed counsel that he was persuaded somewhat by his argument and sentenced appellant to a lesser sentence than he had originally planned. We do not consider counsel's representation of appellant to be so inadequate as to amount to a denial of effective assistance of counsel.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JULY 8, 1980 — DECIDED
SEPTEMBER 2, 1980.

*Daniel Kane,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.