## 34854. PARRISH *v.* THE STATE.

DECIDED OCTOBER 15, 1953.

*Limerick L. Odom, Thomas M. Odom,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

TOWNSEND, J. ■ The first special ground of the amended motion for a new trial complains of the admission into evidence of a statement signed by the defendant after his arrest, to the effect: that he shot Alex Allbright at Hilltonis, Georgia, while in the house that used to be the old gin office, in the room nearest the front door, with the 22 pistol found in his possession at the time of his arrest; that, when he entered the room, Alex was sitting in a chair by the heater; that he said, "Hey, Alex"; that the defendant turned his back, and the defendant thought he was going to get something to hurt him with, and drew his pistol from his belt and shot the defendant three times, then left; that he did this because the deceased had killed his mother some time before, and "the law couldn't punish him, so I punished him myself"; that, however, he would not have done it except for the further reason that the deceased took a "pick" at his sister and threatened himself. The statement begins as follows: "I make the following statement freely and of my own will, without hope of reward if I do or fear of the consequences if I didn't. I realize it can be used against me in the Superior Court in Sylvania, Georgia"; and concludes, "Signed after being read to me." The statement was admitted following the testimony of an officer that it was written as the defendant made it, in long hand, partly in the words of the defendant and partly in the language of the officers; that it contains his principal statements but not every word he said; that it was read to him before he signed it. The objections are: (a) that it was not the entire confession of Willie Marvin Parrish; and (b) that it set up a defense rather than an admission, and was prejudicial and harmful. As to the first objection, the statement introduced is the entire statement as reduced to writing and signed by the defendant. If it was not the entire conversation which took place, or did not embody the entire substance of the previous oral declarations, the State was not required to show *verbatim* all that transpired, but the defendant was at liberty to do so if he desired. Code § 38-410; *Campbell* v. *State*, 123 *Ga.* 533 (1) (51 S. E. 644). As stated in *Smalls* v. *State*, 105 *Ga.* 669, 671 (31 S. E. 571): "The rule of evidence is, that when an admission, conversation or declaration previously made by a party or witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then

bring out the whole of the admission, conversation, or declaration, so far as doing so may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion." Further, the fact that the statement set up a defense did not make it inadmissible. This assignment of error is without merit.

■ Special ground 2 assigns error, that the court sustained an objection to the following question asked on direct examination of the defendant's witness: "Did Alex make any threats to you about what he was going to do to your brother?" In special ground 3 objection is taken to the refusal of the court to allow a witness for the defendant to testify "to the general character of the deceased for peacefulness and violence." Both these grounds are incomplete in themselves, in failing to state what answer was expected from the witnesses as to the questions asked, and are therefore too defective to be considered by this court. *Williams* v. *State,* 24 *Ga. App.* 335 (1) (100 S. E. 756); *Skellie* v. *Skellie,* 152 *Ga.* 707 (4) (111 S. E. 22).

■ "A ground of a motion for a new trial excepting to the exclusion of testimony but not showing why it was excluded and not stating why its exclusion was error is not in proper form for consideration." *Summerlin* v. *State,* 25 *Ga. App.* 568 (1 b) (103 S. E. 832). Assignments of error which require an examination of the brief of evidence to determine the materiality of the testimony will not be considered. *Caswell* v. *State,* 27 *Ga. App.* 76 (5) (107 S. E. 560). Special ground 4 complains of the exclusion of testimony over objection by the solicitor-general, but does not state the nature of the objection. It is contended that the exclusion of this testimony was harmful because "defendant had the right to rebut the testimony of Dr. Brantley," but the ground fails to set forth any testimony offered by that witness which was sought to be rebutted. Accordingly, this ground is too defective for consideration.

■ There was ample evidence to corroborate and sustain the facts of the killing as set forth in the defendant's signed statement admitting the same, and to authorize the conviction for voluntary manslaughter.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*