## 50531. HAYNES v. THE STATE.

DEEN, Presiding Judge.

1. The general rule is that where the accused is on trial for assaulting and injuring or killing the victim, evidence of prior difficulties between the parties may be shown if they are such as to tend to throw light on the transaction in issue. *Shellman v. State,* 100 Ga. App. 663 (112 SE2d 267). Prior threats may be shown as bearing on the question of whether the defendant acted in self-defense under the fears of a reasonable person. *Baker v. State,* 142 Ga. 619 (83 SE 531). If the previous difficulties are such as to shed light upon the motives of the parties, they are competent evidence. *Coleman v. State,* 141 Ga. 737, 739 (82 SE 227). Testimony as to specific prior acts on the part of the victim toward the defendant are generally inadmissible unless (a) they tend to support a self-defense theory, as prior threats toward the assailant on the part of the assailed, or transactions sufficiently connected with the event to shed light on it. If the prior transactions are too remote in either time or content, the court may allow the examination to be curtailed. *Dennis v. State,* 216 Ga. 206 (115 SE2d 527); *Campbell v. State,* 222 Ga. 570 (151 SE2d 132); *Black v. State,* 230 Ga. 614 (198 SE2d 314).

2. On the present indictment for aggravated assault it is uncontested that the victim, Joyce, had battered the defendant's automobile in a fit of anger and thereafter agreed to pay for it; that on the night in question the defendant asked Joyce when she was going to pay, and Joyce asked that an estimate be sent. Joyce and her friends went to another bar. The defendant contended that Joyce then called to ask her to come there, and the defendant and her friend Frances went over; the defendant said something to Joyce; the girls went outside, followed by the others, and the defendant shot at her five times, wounding her twice. Evidence of exactly what happened was in conflict. The defendant claimed that the victim shoved her and then reached for her pocket, and that she fired in self-defense. The victim, who in fact had no gun, claimed that she was shoved and then shot without provocation. There was unrestricted evidence by

the defendant that the parties had quarreled and the victim had threatened her life. The victim admitted that she was angry and had damaged the automobile. The evidence ruled out seems to have involved alleged homosexual jealousy on the part of the victim because the defendant was being accompanied by her former girl friend.

Since the conclusions were all before the jury — that is, that the parties had quarreled, that the victim had attacked the defendant previously at least through her property, and that threats had in fact been made which concerned a third party, we fail to see how further inquiry into the personal lives of the parties could have been of benefit to the defendant. The facts of the prior altercation were admitted. The motives behind those facts could not have been of benefit to either party, and were too remote to have any probative value on the real question at issue, which is whether the victim gave the defendant reason to believe, at the time of the shooting, that she was going to shoot first. Whether either or both of the parties involved was homosexual would not, ipso facto, have any bearing on their character for violence.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED APRIL 9, 1975 — DECIDED APRIL 18, 1975.

*Keil, Riley & Davis, Beverly R. Keil, Douglas L. Breault,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.