## 53932. PASS v. THE STATE.

SMITH, Judge.
The appellant appeals his conviction and sentence for aggravated assault, seeking reversal because the trial

court allegedly removed the issue of guilt from the jury's consideration and mischarged the law of aggravated assault. Finding no harmful error, we affirm.

After having an argument with a man at an Athens residence, the defendant appeared in the doorway of the home holding a pistol in his hand. At about the same time, the victim, who was not involved in the argument, walked into the room and saw the defendant holding the pistol pointed toward the floor. He testified that he was not apprehensive for his safety. Thereafter the gun discharged hitting the victim in the toe. The state based its case upon the alternative theories of transferred intent or criminal recklessness, and after charge by the court the jury returned a guilty verdict.

1. In its charge the court stated: "Now, as applied to this case, the State has proved beyond a reasonable doubt that the Defendant committed an assault on the person of the victim named in the indictment with a deadly weapon either intending to commit an assault on someone else or acting with criminal negligence then in either event the requirements of the law would be satisfied and the Defendant would be guilty as charged." The appellant contends the court's slip of the tongue in omitting the word "if" prior to the phrase "the state has proved beyond a reasonable doubt" amounted to a directive that the state *had* proved the elements beyond a reasonable doubt. We disagree, and hold the error to be harmless, because the charge read as a whole reveals five subsequent occasions where the court accurately charged that the jury must find proof of the various elements to be beyond a reasonable doubt. In addition, the court admonished the jury that any intimation of opinion on its part as to what had or had not been proved was unintentional and should be disregarded. It is inconceivable that the charge, in its entirety, could have misled the jury. *Ward v. State,* 238 Ga. 367, 370 (233 SE2d 175) (1977).

2. The trial court charged that "[a]n assault within the meaning of this crime means either an attempt to commit *or the commission of* a violent injury to the person of another or an act which places another in reasonable apprehension of immediately receiving a violent injury." While the court's charge did erroneously expand the

statutory definition of a simple assault as stated in Code § 26-1302 by adding the unnecessary clause "or the commission of a violent injury to the person of another," the error is harmless.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED MAY 3, 1977 — DECIDED DECEMBER 5, 1977.

*John E. Kardos,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.