## 55366. MADDOX et al. v. THE STATE.
## 55367. JACKSON et al. v. THE STATE.

BELL, Chief Judge.

Defendants were convicted of armed robbery and kidnapping after a joint trial. The defendants Donald and Tim Maddox have filed a joint appeal in Case No. 55366. The defendants Jackson and Tate filed a separate joint appeal in Case No. 55367. *Held:*

*Case No. 55366.*

1. The trial court granted, pursuant to defendants' request, five additional strikes for a total of 25 and then in turn granted the state two additional peremptory challenges for a total of 12. The grant of the additional strikes to the state is contended to be error. The number of challenges available to multiple defendants is governed by Code § 27-2101. It provides in pertinent part: ". . . In the event two or more defendants are tried jointly, the Court, upon request of the defendants, acting in its sole discretion, may allow an equal number of additional strikes, not to exceed five each, to the defendants as the Court shall deem necessary. . ." Code § 59-805 provides in part: ". . . the State shall be allowed one-half of the number of peremptory challenges allowed to the prisoner." Construing Code §§ 59-805 and 27-2101 together the defendants in this case were entitled to a total of 20 strikes plus the additional five strikes allotted in the discretion of the trial judge; and the state was permitted at least half of that total. *Rawlins v. State,* 124 Ga. 31 (15) (52 SE 1) and *Allen v. State,* 235 Ga. 709, 713 (221 SE2d 405).

2. Defendants complain that the trial court erred in not permitting the first panel of jurors to be asked the following: "If the defendants do not take the stand in their own behalf and do not testify in this case, will any of you consider that to be an indication of guilt?" When examining a prospective juror, counsel for the accused should not ask technical legal questions in regard to the

presumption of innocence, but should confine the questions to those which may illustrate any prejudice of the juror against the accused, or any interest of the jurors in the cause. *McNeal v. State,* 228 Ga. 633, 636 (187 SE2d 271). There was no error.

3. The trial court refused to allow the defendants to make their opening statements following the completion of the presentation of the state's case. It is discretionary with the trial court whether the defendants' opening statement shall be made following the state's opening statement or at the conclusion of the state's case. *Berryhill v. State,* 235 Ga. 549, 550 (221 SE2d 185). There has been no showing of any abuse of discretion.

4. The venue here was alleged to be in Jackson County. The state's proof as to the armed robbery showed that it occurred in a motor vehicle very near the boundary line between Hall and Jackson Counties. Venue under these facts would be proper in either county under the express provisions of Code § 26-302 (b) and (e). The court correctly charged the jury on these venue provisions.

*Case No. 55367.*

5. The defendants' motion that the county police investigator be required to testify before the other state's witnesses was denied. This investigator had been permitted to remain in the courtroom after the rule of sequestration had been invoked to assist the district attorney. This is a matter which rests within the sound discretion of the trial judge and his discretion will not be controlled in the absence of an abuse. *Spurlin v. State,* 222 Ga. 179 (2) (149 SE2d 315). No abuse has been shown.

6. The defendant Tate's out-of-court statement was admitted in evidence over his objection. The trial court conducted a Jackson v. Denno hearing where evidence was shown that the defendant voluntarily made this statement after proper advice as to his rights. The trial court's ruling on the voluntariness issue must be accepted by the appellate courts unless shown to have been clearly erroneous. *Pierce v. State,* 235 Ga. 237 (219 SE2d 158). Error has not been shown.

7. The evidence authorized the conviction of both defendants.

*Judgments affirmed. Shulman and Birdsong, JJ.,*

*concur.*

SUBMITTED JANUARY 31, 1978 — DECIDED MARCH 17, 1978.

*Gregory M. Perry,* for Maddox et al.
*L. Eddie Benton, Jr.,* for Jackson et al.
*Nat Hancock, District Attorney, Richard J. Burkett, Assistant District Attorney,* for appellee.