## 56832. JONES v. THE STATE.

SMITH, Judge.

Appellant was convicted of aggravated assault. His appeal asserts that there was a fatal variance between the allegations of the indictment and the proof, that there was error in the admission of evidence, that the conviction was a violation of the constitutional prohibition against double jeopardy, that the charge was erroneous, and that the evidence was not sufficient to support the verdict. We find no reversible error.

Appellant shot his half-brother twice with a .32 caliber revolver. A police officer witnessed the shooting, and a second officer related appellant's statement that he had bought a gun to kill the victim, because he had been "beating on" appellant. The state indicted appellant for aggravated assault, which, according to the indictment, was accomplished by shooting the victim "with a pistol, the same being a deadly weapon."

1. The indictment charged appellant with the assault of Ray Hamilton, and the proof showed the attack was upon Roy Hamilton, Jr. The victim testified that people "at work" sometimes mistakenly "called him" Ray. Prior to trial, appellant's counsel wrote a letter to the district attorney in which counsel characterized the charge against his client as having arisen from "an incident between himself and his brother, Roy Hamilton, Jr." Applying the rule set forth in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969), we conclude that, contrary to appellant's contention, the apparent stenographic error did not result in a fatal variance. Appellant was definitely informed of the charge against him, and he stands protected against further prosecution for the involved offense. See *DePalma,* supra, and *Tyson v. State,* 145 Ga. App. 21 (243 SE2d 314) (1978).

2. Both the victim and appellant testified as to frequent belligerent confrontations between one another throughout their lifetimes. Their relationship was a relevant inquiry, and we find no error in the admission of evidence elucidating the relationship. *Haynes v. State,* 134 Ga. App. 588 (215 SE2d 342) (1975).

3. After a Jackson-Denno hearing, the trial court

determined to be voluntary certain statements made by appellant to a police officer after his arrest. That determination was not clearly erroneous, and therefore it will not be disturbed on appeal. *Maddox v. State,* 145 Ga. App. 363 (6) (243 SE2d 740) (1978). Furthermore, the voluntariness issue was presented to the jury on sufficient instruction. We find no error in the handling of the matter.

4. Appellant waived his plea of former jeopardy by failing to file a pertinent, pre-trial, written motion. *Holmes v. State,* 120 Ga. App. 281 (170 SE2d 312) (1969).

5. Appellant contends the element of the weapon's deadliness was not properly proved or presented to the jury. We find no harmful error. The evidence undisputedly showed appellant assaulted the victim with a .32 caliber pistol, which, under the instant circumstances, was deadly per se. *Watts v. State,* 142 Ga. App. 857 (4) (237 SE2d 231) (1977). Furthermore, the trial court instructed the jury that, in order to convict, the prosecution must prove beyond a reasonable doubt "each and every material allegation in the indictment."

6. Taken as a whole, the trial court's charge on justification contained no harmful error.

7. The record contains no request to charge on good character, and the appellant's contention that the trial court erred in failing to charge such a request is meritless.

8. The trial court's slip of the tongue in charging on witnesses' credibility is no cause for reversal. *Pass v. State,* 144 Ga. App. 253 (1) (240 SE2d 777) (1977).

9. We find no merit in the appellant's contention that a portion of the charge was confusing.

10. The enumeration of error asserting the general grounds is without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED NOVEMBER 13, 1978 — DECIDED JANUARY 9, 1979.

*Michael M. Morris,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jack Mallard, Assistant District Attorneys,* for appellee.