## 35850. DEYTON v. DAVENPORT.

NICHOLS, Justice.

The state appeals an order of the habeas court granting Martha Davenport a new trial.

She was convicted of aggravated assault committed upon Harold Davenport, her former husband, and her motion for new trial was denied. Her appeal was docketed in the Court of Appeals but her former attorney failed to file an enumeration of errors and a brief in response to an order of the Court of Appeals directing those filings, as a result of which the Court of Appeals dismissed her appeal and denied her motions to reinstate the appeal and for an out of time appeal.

The habeas court found and concluded that Martha Davenport had been denied her right of appeal as a result of the conduct of her former attorney, and that the district attorney and his staff were disqualified from any participation in the retrial of her case because the district attorney had represented Harold Davenport, her former husband, in divorce proceedings pending between her and Harold Davenport during the pendency of the aggravated assault case against her arising out of her having shot Harold Davenport. The habeas court found and concluded that a special prosecutor should be appointed to represent the state during the retrial of the aggravated assault case.

In *Williams v. Hopper*, 243 Ga. 475 (254 SE2d 854) (1979), this court reversed the judgment of the habeas court and granted the appellant petitioner for habeas corpus an out-of-time appeal on facts demanding a finding that the petitioner was denied his constitutionally protected right of counsel by his retained counsel's having abandoned his requested appeal without notice. Mrs. Davenport's original petition for the writ of habeas corpus sought an out-of-time appeal. Her new attorney who filed the original petition has withdrawn from representation. Her current attorneys amended the petition by stating new grounds and by praying or demanding that her conviction be set aside and that she be granted a new trial. The order of the habeas court granted her a new trial.

It is impossible to imagine from the perspective of the habeas court how the relief originally sought from the

habeas court, an out-of-time appeal, could have been granted in the present case since the Court of Appeals previously had denied Mrs. Davenport's motion for an out-of-time appeal. However, since the state chose to appeal rather than to retry the case, this case now is in the posture of *Williams v. Hopper,* supra.

Martha Davenport's constitutionally protected right of counsel was denied by her original counsel's abandoning her requested appeal without notice. The judgment of the habeas court is reversed and the habeas court is directed to enter an order pursuant to the mandate of this court authorizing her to file with the Court of Appeals her out-of-time appeal. *Williams v. Hopper,* supra.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED JANUARY 18, 1980 — DECIDED APRIL 22, 1980.

*Robert E. Keller, District Attorney, James W. Bradley, Assistant District Attorney,* for appellant.
*John A. Nuckolls,* for appellee.