## 60737. DAVENPORT v. THE STATE.

SOGNIER, Judge.

Martha Davenport was convicted of aggravated assault on her husband Harold Davenport 'and sentenced to three years in confinement.

The procedural history of this appeal is as follows: Appellant was tried and convicted by a jury on June 29, 1978, and her motion for a new trial was denied. A notice of appeal was filed in this court, but the attorney then representing appellant failed to file an enumeration of errors and brief, although ordered to do so by this court. Therefore, the appeal was dismissed and a motion for permission to file an out-of-time appeal was denied. Appellant then filed a petition for a writ of habeas corpus in the trial court, alleging that she had been denied due process of law because of ineffective counsel on appeal, and because the errors committed at trial, if appealed, would have resulted in a new trial. The trial court granted the writ of habeas corpus and ordered a new trial. The Supreme Court reversed the trial court but directed that appellant be permitted to file an out-of-time appeal in this court. *Deyton v. Davenport,* 245 Ga. 672 (266 SE2d 488) (1980). Thus, we now review the case on its merits.

1. Appellant contends that she was denied due process of law because the district attorney prosecuting this case had represented the victim in divorce proceedings between appellant and the victim.

The divorce action was filed prior to the incident which resulted in the indictment against appellant for aggravated assault.

Appellant filed for divorce from Harold Davenport on October 28, 1975. Robert Keller, who was engaged in the private practice of law, was retained by Mr. Davenport to represent him in the divorce proceedings. The divorce action was pending in the Superior Court of Clayton County from October 28, 1975 until on or about October 27, 1978. On July 1, 1977 Robert Keller was appointed district attorney of the Clayton Judicial Circuit, and on October 13, 1978 Robert Keller's name was withdrawn as attorney of record for Harold Davenport in the divorce action.

On April 20, 1976 appellant shot Mr. Davenport, who then took out a warrant against Mrs. Davenport. Appellant was indicted for aggravated assault on June 17, 1976 while William H. Ison was district attorney in the Clayton Judicial Circuit. Appellant was arraigned on October 28, 1977, over a year after the indictment had been returned and subsequent to Robert Keller's appointment as district attorney. Appellant pled not guilty and the plea was signed by Robert Keller. Although an assistant district attorney handled all pretrial motions and the actual trial of appellant, Mr. Keller was present at the counsel table during the trial.

The state contends that the issue raised by appellant regarding Mr. Keller's role in the prosecution of the instant criminal case was decided adversely to appellant in *Deyton v. Davenport,* supra. We do not agree. The trial court granted the writ of habeas corpus and a new trial on the basis of appellant's having been denied her right of appeal. The state appealed that order and the Supreme Court held only that because appellant had been denied adequate assistance of counsel on the appeal of her conviction, she was entitled to an out-of-time appeal.

Prior to trial, appellant objected by motion to Mr. Keller's role in the prosecution of the case against her. While we do not believe Mr. Keller would act intentionally in any manner which would prejudice a criminal case prosecuted by his office, we are constrained to hold that he should not have participated in any way in the prosecution of the aggravated assault case against Mrs. Davenport. It is clear that he was cognizant of information and incidents that occurred between the victim and appellant by virtue of his representation of Mr. Davenport in the divorce proceedings. Under such circumstances there is at least the appearance of impropriety, and we must conclude that appellant was denied fundamental fairness in the state's prosecution of the charges against her. "The administration of the law, and especially that of the criminal law, should, like Caesar's wife, be above suspicion, and should be free from all temptation, bias, or

prejudice, so far as it is possible for our courts to accomplish it . . ." *Nichols v. State,* 17 Ga. App. 593, 606 (87 SE 817) (1915). In our opinion public policy prohibits a district attorney from prosecuting a case, even though he does not actually try the case himself, while representing the victim of the alleged criminal act in a divorce proceeding involving the accused. See generally *Conley v. Arnold,* 93 Ga. 823 (20 SE 762) (1894); *Clifton v. State,* 187 Ga. 502 (2 SE2d 102) (1939); *Lane v. State,* 238 Ga. 407 (4) (233 SE2d 375) (1977); Ganger v. Peyton, 379 F2d 709 (4th Cir. 1967). Thus, appellant is entitled to a new trial based on this enumeration of error.

2. In enumerations five and six appellant contends that the trial court erred by refusing to admit defense evidence of the victim's prior acts of violence toward appellant. On cross-examination appellant's daughter (a state witness) was asked if she had ever seen her father hit her mother. The trial court sustained the state's objection and further, would not permit appellant to testify as to acts of violence by Mr. Davenport against her.

"The general rule is that where the accused is on trial for assaulting and injuring or killing the victim, evidence of prior difficulties between the parties may be shown if they are such as to tend to throw light on the transaction in issue. [Cit.] Prior threats may be shown as bearing on the question of whether the defendant acted in self-defense under the fears of a reasonable person. [Cit.] If the previous difficulties are such as to shed light upon the motives of the parties, they are competent evidence. [Cit.] Testimony as to specific prior acts on the part of the victim toward the defendant are generally inadmissible unless (a) they tend to support a self-defense theory, as prior threats toward the assailant on the part of the assailed, or transactions sufficiently connected with the event to shed light on it. If the prior transactions are too remote in either time or content, the court may allow the examination to be curtailed. [Cits.]" *Haynes v. State,* 134 Ga. App. 588 (215 SE2d 342) (1975). Appellant admitted shooting the victim, but testified she had done so in self-defense. There was also evidence on both sides that there had been other belligerent confrontations between the victim and appellant, and questions with regard to the victim's prior acts of violence toward appellant were proper as bearing on the issue of self-defense. *Haynes,* supra; *Jones v. State,* 148 Ga. App. 637, (252 SE2d 65) (1979).

3. In view of our decision in Divisions 1 and 2, it is not necessary to address the remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1981 —

Donald J. Stein, for appellant.

Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney, for appellee.