## 64299. MILLER v. THE STATE.

SOGNIER, Judge.

Sale of cocaine. Miller appeals on the general grounds and the denial of two motions for a directed verdict of acquittal. He also contends that the trial court erred by not requiring the state to disclose the identity of an informant; by denying his motion for a mistrial; by refusing to conduct an in camera inspection pursuant to a Brady motion; and by erroneously charging the jury and denying his request for additional argument.

1. The evidence disclosed that on April 11, 1980 a confidential informer took an undercover narcotics agent with the GBI to appellant's home in Ocilla, Georgia. After a brief conversation appellant sold a quarter-ounce of cocaine to the agent for $400. On April 18, 1980 the agent again went to appellant's home and purchased one-half ounce of cocaine from appellant for $825. The agent identified appellant positively as the person who sold the agent cocaine on both occasions. Appellant's wife testified that appellant was not at home on the two nights he allegedly sold cocaine, and

appellant denied selling cocaine to the agent.

Such evidence is sufficient to sustain the verdict. The weight of the evidence and credibility of witnesses is for the jury's determination, *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980), and this court passes on the sufficiency of the evidence, not its weight. *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

As the evidence did not demand a verdict of acquittal and there was a conflict in the evidence, it was not error to deny appellant's motions for a directed verdict of acquittal. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978).

2. The undercover agent testified that a confidential informant took him to appellant's house and was present on both occasions when appellant sold cocaine to the agent. The agent refused to name the confidential informant, and the trial court ruled that the agent need not disclose the informant's identity. Appellant contends this was error.

In a similar factual situation we held: "Where a person merely takes an undercover police officer to a location and . . . introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under Code § 38-1102, but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances." *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49) (1975). The trial court in the instant case was faced with this exact factual situation and exercised its discretion in determining that the witness need not disclose the identity of the informer. We find no abuse of the court's discretion under the facts and circumstances of this case.

3. A second GBI agent testified that subsequent to appellant's last sale to the undercover agent, the witness had been to appellant's residence four or five times on the pending undercover investigation. Appellant objected to such testimony and moved for a mistrial on the ground that such testimony placed his character in evidence by referring to an additional, different investigation. However, after the motion for a mistrial was denied the witness testified that he visited appellant's house on the same investigation which resulted in appellant's trial. Thus, there was no basis for appellant's motion. Further, the testimony was material, as there was a question about the location of appellant's house, and evidence material to the case is

not inadmissible because it incidentally puts a defendant's character in issue. *Hughes v. State,* 239 Ga. 393, 397 (2) (236 SE2d 829) (1977); *Guthrie v. State,* 147 Ga. App. 351, 356 (6) (248 SE2d 714) (1978).

4. Appellant's contention relating to the trial court's failure to conduct an in camera inspection of the prosecutor's file after a Brady motion is not supported by the transcript. The trial court stated in this regard: "Let the record show that I have made an in camera inspection of the file. As of today, I find nothing exculpatory in the file." Thus, there is nothing for us to review.

5. Appellant contends the trial court erred by charging the jury that if they believed beyond a reasonable doubt that at any time in the preceding four years appellant had sold cocaine as charged in the indictment they would be authorized to find appellant guilty. However, appellant objected to the charge on the ground that the specific dates of sale were material, so the trial court corrected its charge and advised the jury that they must find that appellant made sales of cocaine on April 11 and April 18, 1980, as set forth in the indictment, before they could find appellant guilty. Thus, the error complained of was corrected and again, there is nothing for us to review as to this charge.

The court also charged the jury that "he [appellant] contends that if there was, in fact, a sale of cocaine, that it was not sold to him but that it was sold to someone else." Appellant contends this charge was erroneous because he was not charged with *buying* cocaine. Standing alone, this charge might constitute error; however, this is the only place in the entire charge to the jury, consisting of 18 pages of instructions, where the trial court referred to a *purchase* of cocaine rather than a *sale.* It is clear that the reference to appellant's contention concerning a sale of cocaine to someone other than appellant was a slip of the tongue. Considering the entire charge, we find no cause for reversal, for "[it] is inconceivable that the charge, in its entirety, could have misled the jury." *Pass v. State,* 144 Ga. App. 253, 254 (1) (240 SE2d 777) (1977).

Prior to final argument the trial court indicated it was not inclined to give a charge on circumstantial evidence pursuant to appellant's written request. After arguments were completed, appellant's counsel orally renewed his request for a charge on circumstantial evidence and the court then included such a charge in its instructions to the jury. Appellant's counsel then requested that he be allowed to present additional argument, since the court had indicated previously that it was not going to charge on circumstantial evidence. The request was denied, and appellant contends this was error, basing his argument on the rule enunciated in *Daniels v. State,* 137 Ga. App. 371 (224 SE2d 60) (1976).

In *Daniels,* this court adopted the following rule: " 'Where the court, in its charge, includes matters contained in a rejected request, the party or parties affected thereby should . . . call the attention of the court to the specific matter and request the right to argue that particular matter to the jury . . . Such a solution will afford opportunity to obviate granting new trials or making errors which *may* be prejudicial . . .' " Id., at 375. Since appellant's counsel followed the procedure set forth in *Daniels,* we must now determine if the trial court's refusal of counsel's request for additional argument was prejudicial under the facts of this case. We find it was not.

The state's witnesses in this case all gave direct evidence as to appellant's involvement in the sale of cocaine. The undercover GBI agent made the two purchases of cocaine directly from appellant and identified him positively as the person selling the cocaine; a second GBI agent witnessed appellant get into a car with the undercover agent and the informer when the second sale was made; and an analyst from the State Crime Laboratory testified that the substance appellant sold to the undercover agent was cocaine. All of this evidence, which formed the basis of appellant's conviction, was direct evidence. Thus, even had appellant's counsel been allowed to present additional argument based on the circumstantial evidence charge, there was little, if any, basis for such an argument. Under the circumstances, we find no prejudice or injustice resulting from the trial court's ruling, and any error is harmless. See generally, *Wood v. State,* 243 Ga. 273, 274-275 (253 SE2d 751) (1979); *Leonard v. State,* 146 Ga. App. 439, 443 (4) (246 SE2d 450) (1978).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 15, 1982.

*J. Harvey Davis,* for appellant.

*Thomas H. Pittman, District Attorney, Arthur W. Leach, Assistant District Attorney,* for appellee.