## 66550. MADDOX v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of a violation of the Georgia Controlled Substances Act. He appeals on the general grounds and also contends the trial court erred by denying his motion for a directed verdict of acquittal.

The evidence disclosed that after W. R. Carter, an undercover narcotics officer, asked appellant if he could get Carter some cocaine, appellant arranged through an intermediary to sell Carter some cocaine; appellant and the intermediary were to share in the profits from the sale. Carter, a second undercover agent and appellant then drove to a prearranged location where the sale was consummated. Appellant and others participating in the sale were arrested immediately.

Appellant acknowledged arranging for the sale of cocaine to Carter, and also acknowledged driving to an apartment complex with Carter to consummate the sale. However, he denied participating in the sale and testified that he knew that Carter or his brother was a police officer.

The evidence is sufficient to support the verdict. Although appellant contends he "was probably cooperating with the officers in apprehending a drug peddler," the evidence established clearly that appellant participated in arranging the sale and planned on sharing in the profits therefrom. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982).

As the evidence did not demand a verdict of acquittal and there

was a conflict in the evidence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978); *Miller,* supra.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 17, 1983.

*Andrew L. Stanfield,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, H. Allen Moye, Jerry W. Baxter,* Assistant District Attorneys, for appellee.