46345. HUDDLESTON v. THE STATE.

(376 SE2d 683)

MARSHALL, Chief Justice.

The appellant, Wanda Huddleston, was convicted of the murder of her husband, Marvin Huddleston, and she was sentenced to life

imprisonment.[1] We affirm.

The appellant and the victim had been husband and wife for approximately 22 years. According to her testimony, on the day of the shooting she left the parties' home, and when she returned she and the victim began drinking and arguing. She became upset at the victim's cursing at her and taunting her, and she repaired to another room, where she retrieved a .20-gauge, bolt-action shotgun. The victim stated to the appellant, "[W]hy you gonna shoot me? . . . [D]on't kill me." Appellant stated that she was "tired of it" and "wasn't going to take it anymore," whereupon she raised the weapon and fired. The gunshot entered the victim's right chest area, and he died as a result of internal blood loss.

1. In her first two enumerations of error, the appellant argues that the trial court erred in denying her motion to disqualify the prosecuting attorney and his staff; the appellant contends that the prosecuting attorney is disqualified by reason of a prior attorney-client relationship between him and the appellant.

In this regard, the evidence shows that approximately eight years ago, the prosecutor was in private practice, and the appellant arranged a meeting with him in his office because she was contemplating the idea of divorcing the victim. The discussion between the appellant and the prosecutor concerned the nature of contested and uncontested divorces, as well as the attorney fee which would be charged by counsel in the case; there was no discussion concerning any facts of the case, confidential or otherwise. After this conference, counsel never saw or heard from the appellant again in regard to this matter, and no attorney fee was charged. The trial court denied the appellant's disqualification motion, based on the finding that, under the evidence, no attorney-client relationship was established as a result of the prior consultation. We agree.

The relationship of attorney-client may be expressly created by written contract, or may be inferred from the conduct of the parties. *Guillebeau v. Jenkins*, 182 Ga. App. 225 (1) (355 SE2d 453) (1987) and cits. Although "[g]enerally, the test of employment is the fee," *Brown v. Matthews*, 79 Ga. 1, 8-9 (4 SE 13) (1887); *Simmerson v. Blanks*, 149 Ga. App. 478, 479 (1) (254 SE2d 716) (1979), the basic question in regard to the formation of the attorney-client relationship is whether it has been sufficiently established that advice or assis-

---

[1] The crime in this case occurred on December 13, 1986. The appellant was indicted on March 3, 1987. The trial commenced on March 23, 1987, and concluded on March 26, 1987. The appellant filed a motion for new trial on April 21, 1987, which motion was amended on July 6, 1988. The motion for new trial, as amended, was overruled on August 29, 1988. The notice of appeal was filed on September 13, 1988, and the appeal was docketed in this court on October 31, 1988. Oral argument in this case occurred on January 10, 1989.

tance of the attorney is both sought and received in matters pertinent to his profession. *Guillebeau v. Jenkins*, supra.

Here, we hold that the evidence authorized the trial court in determining, as a threshold issue, that there was no legal representation of the appellant by the prosecuting attorney in the prior matter and no attorney-client relationship was formed.[2]

2. In her third enumeration of error, the appellant complains of the trial court's admission in evidence of a tape-recorded statement given by the appellant to the police following her arrest. First, the appellant argues that admission of the tape violated an in-chambers agreement between the state and the defense that a transcript of the statement be utilized in lieu of the tape. The appellant further argues that, since the taped statement was admitted in evidence during the state's presentation of its rebuttal evidence, only material portions of the tape should have been admitted in evidence rather than the entire tape.

The transcript shows that when the state sought to admit the tape, defense counsel objected on the ground that it was the understanding of the defense that the written statement would be used. The trial judge stated that this was also his understanding, whereupon the prosecutor vehemently denied that he had agreed to that. The trial court then agreed to allow the prosecution to admit the tape in evidence upon laying a proper foundation therefor.

During the state's attempt to lay the foundation for admission of the tape, the appellant objected to admission of the tape on grounds that there were other statements made by the appellant which were not taped. The trial court overruled this objection.

In formulating her enumeration of error, the appellant complains that admission of the taped statement was in violation of the alleged agreement. However, in her argument and citation of authority, she complains of admission of the tape on other grounds. Citing *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), the appellant contends that the taped statement must have been used by the state either for the purpose of impeachment or as substantive evidence; the appellant next cites *Parrish v. State*, 88 Ga. App. 881 (78 SE2d 366) (1953), and she maintains that under *Parrish* only those portions of the statement material to the foregoing issues should have been admitted.

However, she voiced no such materiality objection at trial. This

---

[2] Where an attorney has represented a party in a prior matter, thereby resulting in the formation of an attorney-client relationship, if the prior matter bears a "substantial relation" to the matter at hand, an irrebuttable presumption arises that confidential matters were disclosed and the attorney is automatically barred from acting as opposing counsel. *Summerlin v. Johnson*, 176 Ga. App. 336 (1) (335 SE2d 879) (1985); *Davenport v. State*, 157 Ga. App. 704 (1) (278 SE2d 440) (1981). Cf., *Crawford W. Long Memorial Hosp. of Emory Univ. v. Yerby*, 258 Ga. 720 (373 SE2d 749) (1988).

constitutes a waiver, precluding the appellant from raising the issue on appeal. E.g., *Ford v. State*, 256 Ga. 375 (2) (c) (349 SE2d 361) (1986).

*Gibbons v. State*, supra, contains the landmark holding that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence and is not limited in value only to impeachment purposes; *Gibbons* has no apparent applicability here.

*Parrish v. State*, supra, contains no authority in support of the appellant's argument, and, furthermore, it does constitute authority in support of the trial court's overruling of the appellant's ultimate objection at trial to admission of the tape on grounds that other portions of her interrogation were not taped. 88 Ga. App., supra at 881 (1).

3. In her fourth and fifth enumerations of error, the appellant argues that the trial court erred in allowing a state's witness to testify as to the appellant's drinking habits. The appellant argues that this unlawfully placed her character in issue. The trial judge overruled this objection, ruling that the defense had opened the door to evidence concerning drinking activities of the appellant's and the deceased's. The witness then gave testimony to the effect that he had seen the appellant intoxicated, that he could not describe her conduct, and that he did not know if this was a common occurrence.

Assuming, for the purposes of argument, that the trial court erred in ruling that the appellant had opened the door to admission of evidence concerning her drinking habits, any error concerning admission of this evidence was clearly harmless in view of the introduction of more damaging information concerning the appellant's drinking habits in her statement to the police and in her in-court testimony.

4. In her last enumeration of error, the appellant argues that the evidence in this case is insufficient to support a conviction. We disagree. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 1989.

*Bischoff & White, Dorothy D. Wilcox*, for appellant.

*W. Fletcher Sams*, District Attorney, *David Fowler, William Hawley Stevens*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Andrew S. Ree*, for appellee.