A90A1350. MICKEY v. THE STATE.
(397 SE2d 148)

Banke, Presiding Judge.

The appellant was found guilty of following too close, driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1),

and driving with an unlawful blood-alcohol level in violation of OCGA § 40-6-391 (a) (4). However, the first two offenses were merged into the latter for sentencing. The appellant's sole contention on appeal is that the state failed to prove he was driving the vehicle involved in the incident.

The appellant and two companions, Frank and Phillip Roupas, were occupying a Bronco automobile which collided with a tractor-trailer truck. By the time the investigating officer arrived on the scene, all three men were standing outside the vehicle. The officer testified that when she asked them who had been driving, the Roupas brothers both pointed at the appellant, and that when she asked the appellant whether he had been driving, he responded in the affirmative. Because the appellant appeared to her to be intoxicated, she then asked him to perform certain field sobriety tests and to submit to an "alcosensor" test. Based on the results of those tests, she arrested him for driving under the influence. The officer testified that as she was placing the handcuffs on the appellant in preparation for placing him in the patrol car, he told her for the first time that he had not been driving. By this time, his two companions had left the scene. At trial, the appellant testified that he had been seated in the back seat of the Bronco at the time of the accident and that Frank Roupas had been driving. Testifying on the appellant's behalf, the Roupas brothers both corroborated this account. *Held*:

"The weight of the evidence and credibility of witnesses is for the jury's determination. . . ." *Miller v. State*, 163 Ga. App. 889, 890 (296 SE2d 182) (1982). The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of driving a motor vehicle in violation of OCGA § 40-6-391 (a) (4). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 18, 1990.

*Frank J. Petrella*, for appellant.

*Patrick H. Head, Solicitor, Victoria Aronow, Beverly M. Hartung, Assistant Solicitors*, for appellee.