## 56485. RINER v. THE STATE.

Webb, Judge.

Hershel Riner appeals his conviction of aggravated assault. We affirm.

1. The court, in charging the jury on justification as a defense to the crime, paraphrased Criminal Code § 26-902 (a) as follows: "A person is justified in using force which is intended or likely to do great bodily harm only if he believes that such force is necessary to prevent [death or] great bodily harm to himself or another, [or the commission of a forcible felony.]" Riner complains that since the words in brackets appear in § 26-902 (a), it was error for the court to omit them from the above charge of that section.

We find no grounds for reversal. Even if the omission were technical error (*Mason v. State,* 147 Ga. App. 179 (5) (1978)), we find it harmless under the circumstances here. The question in this case was whether, as the state's witnesses testified, Riner went to the victim's home and opened fire, or whether, as Riner testified, the victim first threw down upon him with a rifle, Riner then shooting in self-defense. Thus the success or failure of the defense turned upon an "either/or" factual dispute and not upon nice distinctions as to the precise nature of the perils Riner sought to prevent. He testified that the victim pointed the rifle at him and "said he was going to shoot me," and we think the term "great bodily harm" amply and concisely described the shooting of himself Riner purportedly sought to prevent. Accordingly the omission of the bracketed words from the above charge of the code section is insufficient cause to overturn these proceedings. *Daniels v. State,* 230 Ga. 126 (1) (195 SE2d 900) (1973); *Parks v. State,* 234 Ga. 579, 582 (2) (216 SE2d 804) (1975). Cf. *Dasher v. State,* 146 Ga. App. 118 (245 SE2d 476) (1978).

2. The challenge to the array of the grand jury, and the corresponding attack upon the indictment, complaining of systematic exclusion of females, are without merit. The adult population of the county was 54.2% female; the grand jury box was 42% female; the 36 names drawn therefrom were 30.6% female; and the indicting grand jury empaneled therefrom was 30.5% female. No sufficient cause for reversal has been shown under any authority cited.

3. While the term "assault" is a legal word of art requiring explanation to the jury where in issue (see *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143) (1976); *Riddle v. State,* 145 Ga. App. 328 (243 SE2d 607) (1978)), the failure to do so here is harmless since it was undisputed that the accused shot the victim,[1] the only

---

[1]The shooting was technically a battery and not an assault, as an assault is an attempted battery. *Riddle v. State,* 145 Ga. App. 328, 331 (2), supra. However prosecution as for an assault is specifically authorized by

question being whether he was justified in doing so. "'When [an appellant] brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' " *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741) (1966).

4. While under *Witt v. State,* 231 Ga. 4 (200 SE2d 112) (1973), it would be our duty to reverse because of the trial court's failure to specifically instruct the jury that they should acquit if they found the accused justified, *Witt* has been overruled and the instructions given were adequate. *Lavender v. State,* 234 Ga. 608, 609 (2) (216 SE2d 855) (1975).

5. Remaining enumerations of error are without merit.

*Judgment affirmed. Quillian, P. J., concurs. McMurray, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 6, 1978 — DECIDED OCTOBER 2, 1978 — REHEARING DENIED OCTOBER 25, 1978.

*Larsen & Lewis, W. W. Larsen, Jr.,* for appellant.
*Beverly B. Hayes, District Attorney, James Stanley Smith, Jr., Assistant District Attorney,* for appellee.

---

statute even though the attempt be completed. Criminal Code §§ 26-1303, 26-1004; *Scott v. State,* 141 Ga. App. 848 (1) (234 SE2d 685) (1977).