## 43306. CLENNEY v. THE STATE.
### (344 SE2d 216)

MARSHALL, Chief Justice.

Lennie Merle Clenney appeals from her conviction of malice murder, for which she was sentenced to life imprisonment.[1] We affirm.

1. The appellant contends that the evidence was insufficient as a matter of law to sustain her conviction.

Seven months before the 49-year-old appellant divorced her second husband, Ray Clenney, who was in prison, the 69-year-old victim, Noble Brown, a former prison mate of Ray's, commenced a 14-month live-in relationship with the appellant. Although the appellant testified that the relationship was platonic, the state introduced 10 love letters which the appellant had written to the victim when he had been out of town, the last one shortly before the homicide. Several weeks before the shooting, a letter from Ray to the appellant made Brown jealous, and he allegedly began beating her and threatening her life. She testified that she did not report him for fear of the consequences of "messing up his parole." On the day of the homicide, the appellant and Brown consumed a large number of beers, before and during a picnic, after which Brown allegedly tried to lure the non-swimmer-appellant into the river so she would drown, so she thought. The appellant testified that when they returned to her apartment, the victim began yelling at, severely beating, and threatening the life of the appellant with a .25 caliber pistol; however, there was testimony that there were found no visible cuts, abrasions or bruises on the ap-

---

[1] The crime was committed on May 21, 1985. The appellant was convicted on September 18, 1985. A motion for new trial was filed on October 9, 1985. The transcript of evidence was filed on November 13, 1985. The motion for new trial was scheduled to be heard on November 13, 1985. A pauper's affidavit for the motion for new trial was filed on November 15, 1985. The record contains no order overruling the motion for new trial. A notice of appeal was filed on March 11, 1986, and the record was docketed in this court on March 20, 1986. The case was orally argued on May 20, 1986.

pellant after the homicide. Thereafter, both the appellant and the victim ran outside. The appellant asked a neighbor woman to help her and call the police. The victim got into the appellant's parked car and, while he was trying to start it, she "jogged" 50 feet over to the car and reached into the window to try to seize her car keys. Although the appellant testified that the victim showed her a .22 caliber pistol, told her to get away from him, and threatened to kill her, none of the witnesses saw the victim armed, no such weapon was found on or near his body, and a .22 caliber pistol was found in the appellant's purse in her closet after the murder. The appellant took a .25 caliber pistol out of her pocketbook, aimed it at the victim, and it fired, fatally wounding him in the neck. She threw the murder weapon in a ditch, then lay on the ground in a "highly intoxicated" condition. Originally, the appellant claimed that the victim had shot himself; in her pretrial statement, she admitted the shooting and the subsequent attempt to dispose of the .25 caliber pistol; at trial, she claimed that she did not know how her pistol went off, and denied placing the weapon to the victim's neck.

We have reviewed all the evidence in light of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and find in the light most favorable to the jury's verdict that a rational trier of fact could have found Clenney guilty beyond a reasonable doubt.

2. The appellant argues that the trial court erred in its charge on self-defense and retreat, and in refusing to give requested charge 15, viz.: "I charge you that if the defendant was where she had a legal right to be and without fault, and the deceased made an attack upon her with a deadly weapon, the defendant was under no obligation to retreat, but had a legal right to defend herself against such attack, so far as was necessary to accomplish her defense."

The trial court fully charged all relevant principles, including justification and retreat. The requested charge was based on *Johnson v. State*, 253 Ga. 37 (315 SE2d 871) (1984) and cit., in which the person claiming self-defense was not the original aggressor. It was not applicable to the facts here, where the victim was attempting to leave, and the armed appellant "jogged" 50 feet over to the car, seeking out the victim and the confrontation, rather than permitting the victim to leave.

3. The appellant next contends that it was error to exclude evidence of her 28 years of physical and psychological abuse by her two former spouses, which she argues is relevant to the issue of the reasonableness of her fear of the victim, citing *Daniels v. State*, 248 Ga. 591 (1) (285 SE2d 516) (1981) and cits. However, evidence regarding a justification defense should be based solely upon the circumstances which occur between a defendant and the victim. OCGA § 24-2-1; *Conklin v. State*, 254 Ga. 558 (8) (331 SE2d 532) (1985) and cits. It

would be difficult, if not impossible, for the state to rebut, refute or test as to credibility, evidence of abuse by third parties. The appellant was permitted to adequately testify as to the facts in her relationship with the victim which allegedly caused her fear of him. Furthermore, her witness (Doris Hartley, a psychotherapist, marriage and family counselor with a master of social work degree) was permitted to testify as to the battered-woman/wife syndrome. We find no merit in this enumerated error.

4. Finally, the appellant enumerates as error the exclusion of the expert testimony of clinical psychologist Dr. Kersey relating to the battered-woman/wife syndrome, citing the case of *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981) as support for its admissibility. She argues that, since battered-woman/wife-syndrome evidence relating to the one current spouse is admissible, the expert testimony of that nature relating to two former spouses should have been admitted, especially since his testimony as a doctor would have more weight than that of the sociologist, or social worker, who also testified as to this syndrome.

However, the appellant stated at the trial that the testimony was not proffered as proof of the battered-woman/wife syndrome, but to rebut the state's contentions that the appellant was not remorseful and had lied in her statements, and to explain her post-arrest state of mind. The testimony was not admissible for the purpose of determining the voluntariness of her pretrial statements. *Sinns v. State*, 248 Ga. 385 (3) (283 SE2d 479) (1981). The jury could decide the issue as to the appellant's remorse or lack of it without the aid of expert-witness testimony, this not being a conclusion "beyond the ken of the average layman." See *Williams v. State*, 254 Ga. 508 (2) (330 SE2d 353) (1985).

We have held in Div. 3, above, that evidence of abuse of the two former spouses was inadmissible. Even assuming the relevancy of battered-woman/wife-syndrome evidence in this case, there was other such evidence adduced. The applicability of this theory is doubtful in this case, since the appellant had ended the alleged abuse of her two former husbands by divorcing, rather than murdering, them, and since there was evidence here that the victim was attempting to leave the appellant and she murdered him to prevent it. The exclusion of this evidence was not erroneous.

*Judgment affirmed. Clarke, P. J., Smith, J., and Judge Joseph C. Jackson concur. Bell and Hunt, JJ., concur specially. Gregory, J., dissents. Weltner, J., disqualified.*

BELL, Justice, concurring specially.

I agree with Justice Gregory, for the reasons which he so eloquently states in his dissenting opinion, that the evidence of physical

and psychological abuse by the appellant's former husbands was relevant to the issue whether she acted with the fears of a reasonable person under the circumstances. However, unlike Justice Gregory, I would find that the exclusion of that evidence was harmless error.

To begin, the appellant was permitted to testify about the facts in her relationship with the victim which allegedly caused her fear of him, and one of her witnesses, Doris Hartley, was permitted to testify as to the battered woman syndrome. See majority at 118. Therefore, since some evidence concerning abuse of the appellant by her most recent husband and the battered woman syndrome was introduced in her favor, the gravity and prejudicial character of erroneously excluding evidence of abuse by past husbands was minimized. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Furthermore, although the appellant testified that just before she shot the victim he pulled a .22 pistol from inside his shirt and announced he was going to kill her, her testimony was contradicted by the state's evidence showing that none of the witnesses saw the victim armed, no weapon was found on or near his body, and the .22 pistol was found in the appellant's purse in her closet after the murder. See majority at 117. Apparently the jury chose to believe the state's evidence and concluded that the appellant was not defending herself against the imminent use of unlawful force by the victim when she shot him.

Therefore, in light of the minimal prejudicial character of the error and the very strong evidence that the appellant was not acting in self-defense when she shot the victim, I would conclude that it is highly probable that the error did not contribute to the jury's verdict.

I am authorized to state that Justice Hunt joins in this special concurrence.

GREGORY, Justice, dissenting.

I respectfully dissent as to Division 3 of the majority opinion because I believe evidence of 28 years of physical and psychological abuse by appellant's former husbands was relevant to the issue whether she acted with the fears of a reasonable person under the circumstances. If appellant was a battered woman that was a relevant circumstance.

Appellant's defense to the charge of murder was that she acted in self-defense reasonably believing it necessary to take the life of the victim to save her own. Her testimony, which may not have been believed by the jury, but must be considered in determining the relevancy of 28 years of mistreatment by two former husbands, was that Brown had tried to kill her on several occasions immediately preceding the incident in question. She testified he became extremely jealous during the day resulting in his attempting first to drown her in the river and then on the way back to the apartment drove the car off

the road threatening to kill her in that manner. Back at the apartment he again made jealous accusations and slapped her. She called her mother who advised her to leave the apartment which she tried to do, but Brown again slapped her and kicked her. A pistol in his hand fired when she hit him. At that point she ran out of the house and asked a bystander to call the police. Brown came out, threw a pistol at her, and got into her car saying he was going to LaGrange. She asked him not to take her car and reached into the vehicle for the keys. He pulled another pistol from inside his shirt and announced he was going to kill her. She then fired the fatal shot.

We recognized the battered woman syndrome in *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981). Later, in *Sanders v. State*, 251 Ga. 70, 74 (303 SE2d 13) (1983), we said that, "under appropriate circumstances a woman who kills her husband or boyfriend and raises the defense of self-defense may, as evidence of whether she acted in fear of her life, have an expert witness describe the 'battered woman syndrome,' apply that model to the facts, and conclude that the woman falls within the profile." I would hold today that the history from which the battered woman syndrome developed in a case such as this is relevant evidence. I do not believe this history becomes irrelevant merely because it relates to other marriages or other boyfriends. The question is whether or not the syndrome is present. I point out that whether relevant evidence can be excluded where it becomes unduly burdensome on the court to hear or is repetitious is not before us.

DECIDED JUNE 10, 1986 —
RECONSIDERATION DENIED JULY 2, 1986.

*Edward T. M. Garland, Janice A. Singer,* for appellant.
*William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.