## A92A1605. WATSON v. THE STATE.
(424 SE2d 360)

CARLEY, Presiding Judge.
Appellant was indicted for murder and, after a jury trial, was

found guilty of voluntary manslaughter. Appellant's earlier appeal was dismissed for failure to file a timely notice of appeal. *Watson v. State*, 202 Ga. App. 667 (415 SE2d 306) (1992). Appellant's instant appeal is pursuant to the trial court's written order granting him an out-of-time appeal.

1. "[A]ppellant raises the general grounds. Our review of the record demonstrates that 'appellant may not successfully contend that the evidence does not support his conviction, because he affirmatively offered the alternative theory of voluntary manslaughter to the jury.' [Cits.] 'Since there is evidence which supports a verdict of guilty of the more serious offense [of murder], and there is slight evidence of the lesser included offense [of voluntary manslaughter], appellant, who requested a charge on and was convicted of the lesser offense, may not successfully urge the general grounds on appeal. (Cit.)' [Cit.]" *Ellis v. State*, 174 Ga. App. 535 (1) (330 SE2d 764) (1985).

2. The trial court's admission into evidence of three pre-autopsy photographs of the victim's body is enumerated as error.

Contrary to appellant's objection below and his contention on appeal, "[p]re-autopsy photographs which demonstrate the location and nature of the wounds are relevant to the issue of death and may be introduced in evidence *even though the photographs are duplicative of expert testimony relating to the cause of death.* [Cits.]" (Emphasis supplied.) *Baty v. State*, 257 Ga. 371, 375 (7) (359 SE2d 655) (1987).

Appellant also urges on appeal that one of the photographs was inadmissible because it revealed a "thoracotomy" which had been performed by medical authorities in an attempt to save the victim's life. See generally *Heard v. State*, 257 Ga. 1, 2 (2) (354 SE2d 115) (1987). However, appellant "did not object to the admission of this photograph at trial, on this . . . ground." *Taylor v. State*, 261 Ga. 287, 293 (6c) (404 SE2d 255) (1991).

3. The trial court's failure to give an unrequested instruction on appellant's good character is enumerated.

The "good character of the accused is not a distinct substantive defense. [Cits.] Generally, in the absence of a proper written request to charge on the character of the accused it is not cause for a new trial when no such charge was given, and it is only in exceptional cases where the court fails to charge relative to the good character of the accused that a new trial will be granted. [Cit.] The case sub judice falls within the general rule, and not within the exception. [Cits.] In the absence of a proper written request to charge on good character the failure of the court to charge thereon was not reversible error." *David v. State*, 143 Ga. App. 500, 501 (2) (238 SE2d 557) (1977). See also *Bruce v. State*, 191 Ga. App. 580, 582 (5) (382 SE2d 367) (1989); *Spear v. State*, 230 Ga. 74, 76 (1) (195 SE2d 397) (1973).

4. Appellant enumerates the trial court's giving of a charge on flight. " 'After the charge to the jury, defense counsel replied in the negative when asked if there were exceptions to the charge. This action results in a waiver of the right to appeal an error in the charge. [Cit.]' " *Deters v. State*, 261 Ga. 186, 187 (4b) (402 SE2d 733) (1991). Moreover, appellant's trial was held prior to the effective date of the holding of the Supreme Court that it was error to charge on flight. *Renner v. State*, 260 Ga. 515, 518 (3b) (397 SE2d 683) (1990). Thus, even in the absence of waiver, the trial court did not err by instructing the jury on the subject of flight. *Sutton v. State*, 262 Ga. 181, 182 (3) (415 SE2d 627) (1992).

5. Appellant proffered evidence of a prior attack upon him which had been committed by someone other than the victim. The trial court's exclusion of this evidence is enumerated as error.

Appellant urges that this prior attack "is relevant to the issue of the reasonableness of [his] fear of the victim, citing *Daniels v. State*, 248 Ga. 591 (1) (285 SE2d 516) (1981). . . . However, evidence regarding a justification defense should be based solely upon the circumstances which occur between a defendant and the victim. [Cits.] It would be difficult, if not impossible, for the [S]tate to rebut, refute or test as to credibility, evidence of [attack] by third parties." *Clenney v. State*, 256 Ga. 123, 124-125 (3) (344 SE2d 216) (1986).

Under "*Hall v. Hopper*, 234 Ga. [625], 630-632 (216 SE2d 839) (1975), we are not bound by [*Daniels*, supra]; insofar as it conflicts with [*Clenney*], supra, it must yield to that ruling which 'being later in time is the more persuasive decision.' [Cits.]" *Goss v. Bayer*, 184 Ga. App. 730, 731-732 (2) (362 SE2d 768) (1987).

To the extent that *Clenney* has been overruled by *Chandler v. State*, 261 Ga. 402, 407 (3b) (405 SE2d 669) (1991), the instant case is unaffected and a reversal is not mandated. First, *Chandler* overrules *Clenney* only as to the admission of "evidence of specific acts of violence *by a victim against third persons* . . . where the defendant claims justification." (Emphasis supplied.) *Chandler v. State*, supra at 407 (3b). *Chandler* does not authorize the admission of specific acts of violence against the defendant by a third party. Secondly, the instant case was tried prior to the effective date of the *Chandler* rule. *King v. State*, 202 Ga. App. 817, 818, fn. 1 (415 SE2d 684) (1992).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 30, 1992.

*Andrew C. Dodgen*, for appellant.
*Douglas C. Pullen, District Attorney, Bradford R. Pierce, Assis-*

*tant District Attorney*, for appellee.