## S92A1178. ALLEN v. THE STATE.
(424 SE2d 1)

FLETCHER, Justice.

James Earl Allen was convicted of armed robbery and felony murder arising from the death of Tyrone Brown.[1] He was sentenced to life imprisonment for the felony murder and to a concurrent term of 20 years for the armed robbery. He appeals and, for the reasons set forth below, we reverse the armed robbery conviction and affirm the remainder of the trial court's judgment.

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Allen guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Following a hearing outside of the presence of the jury, the trial court determined, pursuant to the criteria proscribed in *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), that Allen's incriminating custodial statement had been freely and voluntarily given. However, Allen now contends that the trial court erred by not making a finding on the record that there was a factual basis for its determination. Although he concedes that such a finding is not

---

[1] The crimes occurred on December 26, 1989 and appellant was indicted during the January 1990 term of the DeKalb County Grand Jury. Trial began on September 11, 1990 and resulted in appellant's conviction on September 13, 1990. His sentence was filed the following day. A motion for new trial was filed on September 19, 1990 and was denied on May 21, 1992. A notice of appeal was filed on June 11, 1992 and the case was docketed in this court on June 26, 1992. It was submitted for decision without oral argument on August 7, 1992.

required by either state or federal law at the present time, Allen argues that Georgia law should require such a finding. We disagree and conclude, from the record, that the trial court's determinations with respect to Allen's custodial statement were not clearly erroneous.

3. OCGA § 16-1-7 (a) provides, in part:

> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other[.]

Allen contends, and the state concedes, that the armed robbery conviction was the felony underlying the felony murder conviction and was, therefor, a lesser included offense of the felony murder. *Sanborn v. State*, 251 Ga. 169 (304 SE2d 377) (1983). Accordingly, Allen's armed robbery conviction and his sentence on such conviction must be vacated.

4. Allen asserts error as to the admission of two particular photographs of the victim's body, contending that the photographs were repetitious and served only to inflame the jury. Only three photographs depicting the victim's body were introduced into evidence, all of which were taken at the location where the body was discovered. The two that Allen challenges depict the body from two different angles, one clearly shows the injury to the victim while the other better depicts the condition of the clothing when the body was discovered.

The trial court correctly determined that the relevance of the photographs was not outweighed by any danger their introduction may have presented of such things as unfair prejudice or needless presentation of cumulative evidence. The trial court did not err by allowing both photographs to be introduced. *Hicks v. State*, 256 Ga. 715, 720-721 (352 SE2d 762) (1987).

*Judgment affirmed in part and reversed in part. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 7, 1993.

John H. Tarpley, Sr., for appellant.

Robert E. Wilson, District Attorney, Barbara B. Conroy, Elizabeth W. Morn, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General, for appellee.