## A93A0983. BECK v. THE STATE.
(438 SE2d 391)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault and appeals from the judgment of conviction and sentence entered on the jury verdict.

The evidence stated in the light most favorable to upholding the jury's verdict shows that appellant and his wife were in the process of getting a divorce in May 1991. Appellant and his wife agreed to an exchange of certain personal property located in a storage unit, and appellant arranged to meet his wife and take her to the storage unit to pick up some items. On the day appellant was to meet his wife, appellant and his friend Kenny Spalding drove from Brunswick, Georgia to Florida to buy some beer and drank a six-pack on the way back. When they arrived at appellant's wife's house, she was not at home so appellant and Spalding drove around the corner to the victim's house to look for appellant's wife. The victim lived with his girl friend and her son, Billy Hutto. The victim came out of the house to see what appellant wanted, and appellant said that he was looking for his wife. When the victim told appellant that his wife was not there, Spalding got out of the passenger side of the car and confronted the victim. After Spalding called the victim an obscene name, the victim slapped Spalding across the face. Spalding got back in the truck, and appellant and Spalding drove away but immediately returned to the victim's house. Appellant got out of the truck and walked across the victim's yard cursing at the victim. When appellant got closer, the victim lightly shoved appellant away and told him to leave. Appellant

then took out a box-cutter, and the victim backed away from appellant. The victim tripped over a cross-tie and fell on his back, and appellant attacked the victim, slashing his face with the box-cutter. Appellant continued his attack on the victim until Hutto hit appellant in the back with a steel pipe. Spalding and appellant left, and when the police interviewed appellant several days later, appellant gave a statement indicating he had been attacked by the victim and Hutto and that he used his box-cutter to get away from the two men. Appellant was arrested in June 1991 and charged with aggravated assault. Appellant testified at trial that the victim and Hutto attacked him, that he was afraid for his life because Hutto hit him with a steel pipe and that he used the box-cutter to fend off the attack.

1. In his first enumeration of error, appellant contends that the trial court erred in refusing to allow his mother and his wife to testify about alleged threats made by his wife against appellant. Appellant made an offer of proof outside the presence of the jury during which his wife and mother testified. Appellant's wife testified and denied making any threats against appellant. Consequently, we find no error in the trial court's exclusion of her testimony.

Appellant's mother testified during the offer of proof about a telephone conversation she had with appellant's wife shortly before May 19, during which appellant's wife threatened to do serious harm to appellant. Appellant's mother also testified that appellant's wife said she had friends who could take care of the problem, although she did not specifically mention the victim. Also, appellant's mother did not state whether she told appellant about this alleged threat before the altercation with the victim. Appellant contends that his mother's testimony was relevant to show his state of mind toward the victim and to support his defense of justification. "[E]vidence regarding a justification defense should be based solely upon the circumstances which occur between a defendant and the victim." (Citations and punctuation omitted.) *Watson v. State,* 206 Ga. App. 95, 97 (5) (424 SE2d 360) (1992). The mother's testimony referred only to prior threats made by appellant's wife and not to any specific threat made by the victim. Thus, the testimony was too remote and had no probative value on the real question at issue, which was whether appellant had reason to believe that the victim was going to do him harm. See *Haynes v. State,* 134 Ga. App. 588, 589 (2) (215 SE2d 342) (1975). Moreover, appellant testified that he was aware that his wife had made threats to either harm him or have her friends harm him. Accordingly, we find no error with the trial court's ruling excluding the testimony of appellant's mother.

2. Appellant also argues that the trial court erred in failing to declare his wife a hostile witness. During the offer of proof, the trial judge did not allow appellant's counsel to ask leading questions with-

out a showing that appellant's wife was a hostile witness. The transcript reflects that appellant's counsel abandoned his attempt to make such a showing, and the trial court never ruled on his request that appellant's wife be declared a hostile witness. Therefore, this enumeration presents nothing for our review. *McGee v. State*, 205 Ga. App. 722 (5) (423 SE2d 666) (1992).

3. Appellant contends that the trial court erred in its charge and recharge to the jury.

(a) Appellant first argues that the trial court erred in charging the jury on defense of property. The charge was marginally related to the victim's actions in pushing appellant away when appellant advanced onto the victim's property. "Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." (Citations and punctuation omitted.) *Shields v. State*, 202 Ga. App. 659, 661 (3) (415 SE2d 478) (1992).

(b) Appellant also argues that the trial court erred in failing to charge the jury that justification included the right to defend against a forcible felony and in failing to define forcible felony. We have reviewed the trial court's entire charge and conclude that the trial judge adequately charged the jury on the principles related to self-defense and justification. "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." (Citations and punctuation omitted.) *Griffin v. State*, 199 Ga. App. 646, 648 (3b) (405 SE2d 877) (1991); see also *Riner v. State*, 147 Ga. App. 707 (1) (250 SE2d 161) (1978).

(c) Appellant argues that the trial court erred in not charging the jury on voluntary intoxication as a defense. In support of his argument, appellant points to evidence in the record that when the investigating officer attempted to take a statement from appellant following the incident, he was unable to obtain a clear statement from appellant. Appellant testified that although he had been drinking, his judgment was not affected. We find that the evidence did not warrant a charge on voluntary intoxication. Furthermore, we note that the trial judge charged the jury on intent, including the State's burden to prove intent beyond a reasonable doubt. Consequently, the trial court did not err in failing to give the additional charge on voluntary intoxication. See *Foster v. State*, 258 Ga. 736 (10) (374 SE2d 188) (1988).

(d) Appellant takes issue with the specific recharge given to the jury. The record reflects that the jury requested a recharge on the definitions of aggravated assault and simple assault and the trial court, in discussing what constitutes a deadly weapon, charged that while an object such as a box-cutter is not a deadly weapon per se, it

could be a deadly weapon depending on the manner in which it is used. The trial court also charged that whether an object constituted a deadly weapon in making the assault on the victim is a matter to be determined by the jury. Appellant argues that the trial court should not have used the word box-cutter since the evidence showed that the pipe used by Hutto could also have been a deadly weapon; he also contends that the trial court should not have used the word "victim" since appellant was also a victim. "It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required." (Citations and punctuation omitted.) *Brantley v. State*, 199 Ga. App. 623, 626 (9) (405 SE2d 533) (1991). We conclude that there was no error in the charge because the charge as a whole was not likely to confuse the jury.

(e) Finally, appellant contends that the trial court erred in charging the jury in the "moral and reasonable certainty" language disapproved by the Supreme Court of Georgia in *Vance v. State*, 262 Ga. 236 (416 SE2d 516) (1992). When considered in the context of the entire charge, we find that the court's use of the words "moral and reasonable certainty" creates no reversible error. See id. at 238; but see *McDonald v. State*, 210 Ga. App. 689 (436 SE2d 811) (1993).

4. Appellant's argument that the trial court erred in admitting photographs depicting the victim's injuries is without merit. See *Allen v. State*, 262 Ga. 649 (4) (424 SE2d 1) (1993).

5. We also find no merit to appellant's contention that the trial court should have granted a mistrial on the grounds that the prosecutor made an improper closing argument when he commented that certain photographs admitted into evidence may have been taken a week after the incident. There was no evidence presented as to when the photographs at issue were taken. Therefore, "[t]he argument merely involved the prosecutor drawing a reasonable inference from the evidence. [Cit.]" *Johnson v. State*, 258 Ga. 856, 858 (6) (376 SE2d 356) (1989).

6. Contrary to appellant's contention in his final enumeration of error, the evidence was sufficient for a rational trier of fact to find appellant guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 23, 1993.

*James A. Yancey, Jr.*, for appellant.
*Glenn Thomas, Jr., District Attorney, Kevin R. Gough, Assistant*

*District Attorney*, for appellee.