### S94A0238. SUTTON v. THE STATE.
(443 SE2d 481)

BENHAM, Presiding Justice.

Appellant was convicted of the malice murder of his stepfather and sentenced to life imprisonment.[1] He appeals the judgment of conviction, questioning the admission of his custodial statement and contending there was insufficient evidence of malice.

1. The State presented evidence that the victim was killed by a knife wound that penetrated his abdomen and chest. The victim also sustained entry and exit wounds from a small-caliber bullet in his heel, and stab wounds to his back and right wrist. Several eyewitnesses in the front yard of the victim's home testified that the sound of gunshots emanated from the home shortly after the victim and his wife had entered. The victim came limping to the front yard seeking transportation to obtain medical aid, and appellant, carrying a butcher knife, exited the house looking for the victim. When he found him, he stabbed him three or four times, and re-entered the house where he reported that he had killed the "m____-f____." Appellant spent the night at the home of his aunt, who testified that he told her he had killed the "son of a bitch." People inside the victim's home testified that the victim and appellant's mother had argued, and that the victim had struck his wife, who pulled a gun and fired four shots, one striking the victim in the heel. When the injured victim exited the home through the back door, appellant, armed with a knife, went out the front door. In a statement made to the GBI 12 hours after his arrest, appellant recounted his parents' fight and stated he had stabbed the victim once, having taken a butcher knife and run "head-on" into the victim. At trial, appellant denied having stabbed the victim.

Pointing to evidence that the victim's treatment of appellant's mother provoked appellant into stabbing the victim, appellant contends there was not sufficient evidence of malice to support his conviction for murder. "It is for the jury to determine whether any killing

---

[1] The crime occurred on December 23, 1988, and appellant was arrested on December 24. After the grand jury returned a true bill of indictment on April 24, 1989, appellant was tried on May 30, June 1-2, 1989. Appellant was sentenced to life imprisonment upon the jury's return of a guilty verdict on June 2. His motion for new trial, filed June 29, 1989, and amended September 8, 1993, was denied on October 11, 1993. The notice of appeal was filed on November 10, 1993, and the case docketed in this court on November 18. The case was submitted for decision on December 31, 1993.

is intentional and malicious from all the facts and circumstances. [Cit.]" *Blair v. State*, 245 Ga. 611 (3) (266 SE2d 214) (1980). The evidence was sufficient to authorize the jury's decision that appellant was guilty beyond a reasonable doubt of the malice murder of his stepfather (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), and evidence of anger is not, as a matter of law, a showing of the provocation necessary to set aside a finding of malice. *Latimore v. State*, 262 Ga. 448, 450 (421 SE2d 281) (1992).

2. Contending that he did not make a knowing and intelligent waiver of his constitutional rights, appellant maintains the trial court erred when it admitted his custodial statement into evidence. At the *Jackson v. Denno* (378 U. S. 368, 84 SC 1774, 12 LE2d 908 (1964)) hearing, evidence was presented that appellant was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and stated he understood them when he was awakened from his sleep and arrested at his aunt's home at 3:00 a.m. A GBI agent reiterated the warnings to appellant at 4:15 a.m. at the police station. While the agent initially testified at the suppression hearing that appellant was coherent and did not smell of alcohol at 4:15 a.m., the agent admitted that he had previously testified that he had smelled alcohol on appellant. The agent also stated at the hearing that appellant's speech was slurred and his eyes were red at 4:15 a.m., and admitted appellant could have been under the influence of alcohol at that time. The agent admitted he was not sure whether appellant was affected by the ingestion of alcohol. Because appellant expressed a desire to sleep and the agent recognized appellant's fatigue, the agent refrained from questioning him, but had him execute a waiver of rights form. At 3:00 p.m. that day, the agent reinitiated conversation with appellant by asking him if he recalled the *Miranda* rights read to him earlier that morning. The agent transcribed the statement then made by appellant and subsequently used against him. Appellant, who could not read or write, testified that he had not used drugs or alcohol the day of the homicide, that he had no recollection or understanding of the rights purportedly read to him, that he signed the waiver form after being told it would help his case, and that he would not have spoken with the GBI agent had he known he did not have to do so. While expressing its desire that the jury not see the statement, the trial court overruled the motion to suppress.

A defendant's confession or admission is not admissible at trial unless the trial court has made a determination at a separate hearing that the statement was voluntarily made. *Jackson v. Denno*, supra. The GBI agent's failure to repeat *Miranda* warnings to appellant prior to the 3:00 p.m. interrogation which resulted in an incriminating statement, did not render the statement inadmissible since the agent reminded appellant that he previously had been advised of his rights.

*Anglin v. State*, 244 Ga. 1 (2) (257 SE2d 513) (1979). Inasmuch as the trial court's finding that appellant's statement was voluntarily made appears "with unmistakable clarity" in the appellate record and is not clearly erroneous, we affirm.[2] *Allen v. State*, 262 Ga. 649 (2) (424 SE2d 1) (1993); *Cannon v. State*, 257 Ga. 475 (2) (360 SE2d 592) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1994.

Vansant, Corriere, McClure & Dasher, John M. Vansant, Jr., K. Alan Dasher, for appellant.

C. Paul Bowden, District Attorney, Melinda I. Ryals, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General, for appellee.

---

[2] As the appellate record initially did not contain "with unmistakable clarity" the trial court's conclusion that appellant's statements were voluntary (*Sims v. Georgia*, 385 U. S. 538, 544 (87 SC 639, 17 LE2d 593) (1967)), we ordered the trial court to make the mandated finding as to voluntariness. See *Payne v. State*, 249 Ga. 354 (7) (291 SE2d 226) (1982). The trial court has complied, issuing an order finding appellant's statement to the GBI agent was voluntarily made after appellant had previously been adequately and fully informed of his constitutional rights under *Miranda*. That order has been made a part of the appellate record.