A94A2669. LARA v. THE STATE.
(453 SE2d 137)

BEASLEY, Chief Judge.

Lara appeals his conviction for aggravated battery (OCGA § 16-5-24 (a)) for shooting a stranger in the head and blinding his left eye. The State's evidence showed the following. Around midnight a fight broke out between two groups in the parking lot of an apartment complex. Lara, a member of one of the groups, arrived at the scene and voluntarily entered the fray. Even though he had ample opportunity to leave, Lara chose instead to take what he knew to be a loaded gun away from his friend, walk into the fighting group, and fire the weapon. The victim, a member of the other group, was hit and permanently deprived of his sight.

Lara contends that he was effectively denied his right to present his defense of justification by self-defense, as authorized by OCGA § 16-3-21 (a). The trial court refused to let him introduce evidence that he had previously been the victim of a shooting by a stranger, to explain the cause of his behavior. Lara argues that the third-party attack on him was admissible under *Daniels v. State*, 248 Ga. 591, 593 (1) (285 SE2d 516) (1981), and that the evidence was vital to show his true state of mind and to rebut the inference that when he shot the victim, he was emboldened by alcohol, felt powerful with the gun, and was fearless.

Lara's argument fails both legally and factually. In *Daniels*, a plurality of the Supreme Court determined that evidence that the defendant had been previously attacked with a knife, apparently by one other than the victim, and had received body scars was relevant to whether or not he reasonably believed that deadly force was necessary to defend himself. In the later case of *Clenney v. State*, 256 Ga. 123, 124 (3) (344 SE2d 216) (1986), a majority of the Supreme Court concluded that "evidence regarding a justification defense should be based solely upon the circumstances which occur between a defendant and the victim." The Supreme Court modified *Clenney* in *Chandler v. State*, 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991), by holding that "evidence of specific acts of violence by a victim against third persons shall be admissible where the defendant claims justification." This court has applied *Chandler* as overruling *Clenney* only to the extent of its holding and has expressly held that "*Chandler* does not authorize the admission of specific acts of violence against the defendant by a third party." *Watson v. State*, 206 Ga. App. 95, 97 (5) (424 SE2d 360) (1992). Accord *Beck v. State*, 211 Ga. App. 125, 126 (1) (438 SE2d 391) (1993).

Even if the law permitted the admission of such an act, the earlier incident was not relevant to Lara's justification defense. It lacked similar circumstances and it far from portrayed Lara as the passive

victim of a shooting. It had occurred approximately two years before the crime on trial and involved Lara's being shot by an individual in a vehicle. Lara conceded the truthfulness of accounts of the event, which revealed that the shooting occurred after hostile contact with the individuals in the other vehicle and a direct confrontation with them by Lara.

It was not error to refuse to admit the evidence as part of Lara's claim of self-defense.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED JANUARY 20, 1995.

*Valpey & Walker, Gregory W. Valpey,* for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Lucy K. Henry, Assistant District Attorneys,* for appellee.