## A95A0133. CRESON v. THE STATE.
(460 SE2d 83)

RUFFIN, Judge.

Bryan Creson was convicted by a jury of aggravated assault and appeals from the judgment of conviction and denial of his motion for new trial.

The record shows that at the time of the offense, Creson was living with the victim at her parents' home. On the afternoon before the incident, Creson and the victim had an argument and Creson left the house to shoot pool and drink beer with his friends. Creson returned home at 2:15 the next morning, and the victim would not let him in the house. When Creson continued knocking, the victim opened the door, and after a short exchange of words between the two, Creson pulled out a gun and shot the victim in the head. The victim, screaming "he shot me," ran down the hall to her parents' bedroom. Creson followed the victim to the bedroom where her father took the gun away from him. When the police arrived, the victim was lying on the floor and Creson was kneeling over her. The officers retrieved the gun and found an empty shell casing and the bullet that struck the victim and exited her head.

After his arrest, Creson agreed to give a custodial statement con-

cerning the incident. Prior to making the statement, Creson was read a form advising him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) which he signed stating that he had agreed to waive those rights. During the tape-recorded interview Creson admitted to firing the gun but claimed it was an accident. At trial, the custodial statement was admitted after a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

1. Creson asserts the trial court erred in admitting the custodial statement because prior to giving it, he told the detective "I can't afford a lawyer." Creson argues that this statement amounted to no less than an equivocal request for counsel which was ignored by the detective. He contends that under *Hall v. State*, 255 Ga. 267 (336 SE2d 812) (1985), the detective was required to ask only clarifying questions concerning his request for counsel before proceeding with the interview. However, the record shows that after the trial court ruled the statement was admissible and the State moved to introduce it into evidence, Creson's attorney stated "I have no objection." "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. . . . Acquiescence deprives him of the right to complain further." (Citations and punctuation omitted.) *Watkins v. State*, 206 Ga. App. 701, 705 (4) (426 SE2d 238) (1992).

Moreover, even if Creson's attorney had objected to admission of the statement, any error committed by the trial court would have been harmless. "'A constitutional error is harmless, if there is no "reasonable possibility that the evidence complained of might have contributed to the conviction[.]" [Cit.]'" *Vaughn v. State*, 248 Ga. 127, 131 (2) (281 SE2d 594) (1981). "In this case, [Creson's] testimony at trial was substantially the same as the statement which he made to police following his arrest." *Donaldson v. State*, 249 Ga. 186, 190 (5) (289 SE2d 242) (1982). Both in the statement and at trial Creson testified that he had an argument with the victim; that he had been out shooting pool and drinking beer earlier in the evening; that he returned home and entered the house with the gun in his hand; and that after the victim asked him where he had been, the gun unexpectedly went off. "Under the circumstances, the admission of the statement, even if error, would be harmless error." Id.

2. Creson contends he was denied effective assistance of counsel on several grounds. However, Creson's trial counsel was not heard on this issue at the motion for new trial. Because two of the grounds cannot be resolved without such testimony, we decline to address the merits of those enumerations. *Williams v. State*, 251 Ga. 749 (20) (312 SE2d 40) (1983); *Davis v. State*, 203 Ga. App. 227 (4) (416 SE2d 771) (1992).

The third ground alleged is that trial counsel was ineffective in

that he inferentially admitted the elements of aggravated assault in his opening statement. While the record shows that Creson's trial counsel stated there was a shooting, he also stated it was an accident, and he was merely informing the jury that Creson would testify as such. In light of the overwhelming evidence that Creson shot the victim, which included Creson's own custodial statement, we cannot conclude that his trial counsel's performance was deficient in this instance. See *Baker v. State,* 250 Ga. 671 (2) (300 SE2d 511) (1983).

Neither was Creson's trial counsel ineffective in failing to object to the court's jury charges on voluntary intoxication as no excuse for a crime and on aggravated assault. The record shows that both charges were supported by the evidence. Creson admitted drinking up to six beers immediately before the incident, and although he maintained the shooting was an accident, the overwhelming evidence showed Creson shot a gun at the victim's head. Under these circumstances, neither charge was erroneous, and we cannot say that trial counsel's performance was ineffective. *Chandler v. State,* 213 Ga. App. 46 (2) (443 SE2d 679) (1994); *Sydenstricker v. State,* 209 Ga. App. 418 (2) (433 SE2d 644) (1993).

3. Finally, Creson argues the evidence was insufficient to support the verdict. "A person commits the offense of aggravated assault when he assaults with a deadly weapon, which, when used offensively, is likely to or actually causes serious bodily injury. OCGA § 16-5-21 (a) (2). The act of intentionally firing a gun at another, in the absence of justification, is sufficient to support a conviction for aggravated assault under this statute. [Cit.] The evidence adduced below authorized a rational trier of fact reasonably to find proof of [Creson's] guilt of aggravated assault beyond a reasonable doubt, under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). [Cit.]" *Belins v. State,* 210 Ga. App. 259 (1) (435 SE2d 675) (1993).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MAY 9, 1995 —
RECONSIDERATION DENIED JULY 27, 1995 —

*Paul McGee,* for appellant.

*Thomas J. Charron,* District Attorney, *Charles M. Norman, Debra H. Bernes, Nancy I. Jordan, Amy H. McChesney,* Assistant District Attorneys, for appellee.