## A96A2113. BOWMAN v. THE STATE.
### (476 SE2d 608)

ELDRIDGE, Judge.

Appellant Bobby E. Bowman challenges his conviction on four counts of aggravated assault with a shotgun on a peace officer and one count of possession of cocaine with intent to distribute, for which he was sentenced to forty-five years in prison.

On November 13, 1991, at 2:15 a.m., detectives and police officers from the Atlanta Police Department went to appellant's apartment in the East Lake Meadows apartment complex to execute a search warrant. The warrant was based on information that a man was selling cocaine from his apartment and a controlled buy by an informant. The police officers were in uniform, and the detectives wore blue vests with "Atlanta Police" printed on them in large bold letters.

Upon arrival at the apartment, a detective knocked on the door and announced "Police! We have a search warrant." Almost immedi-

ately, a battering ram was used to break into the apartment. The officers repeatedly shouted that they were police while entering the apartment.

A detective saw the appellant jump from his bed in the back of the apartment, wielding a firearm. At that point, a gun battle erupted, during which one officer was wounded and the appellant's stepson was killed.[1] There is conflicting evidence regarding who initiated the gun battle. However, appellant's wife testified that appellant used a shotgun to shoot at the police officers, and the injured officer had shotgun pellets embedded in his wounds.

After approximately one minute of gunfire, the defendant jumped through the bedroom window while holding a shotgun and was apprehended quickly by other officers not involved in the raid who saw him with the gun. He told the apprehending officers that "I was shot by guys coming into my apartment . . . dressed like police officers."

The police officers, utilizing a drug-sniffing dog, searched the apartment and found a pair of men's pants in the bedroom with 39 packets of cocaine wrapped in small ziplock bags in the pants' pocket. They also found approximately $2,500 in cash wrapped in $500 increments in a box on the floor and a nine-millimeter handgun on the bed.

Appellant was convicted after a trial by jury and moved for a new trial, which was denied on June 25, 1993. After his attorney failed to file an appeal and subsequently abandoned the appellant, the trial court granted an out-of-time appeal and appointed new defense counsel. An amended motion for a new trial was filed by counsel for appellant, alleging ineffective assistance of counsel. The amended motion was denied on March 21, 1996, and a timely appeal was filed.

1. The first six enumerations of error involve a motion in limine by appellant's counsel that excluded "similar acts" character evidence related to appellant's alleged history of drug sales. Specifically, the motion was to exclude evidence relating to a confidential informant who participated in the controlled buy of drugs from the appellant that was the basis for the search warrant, as well as references to the marked city funds that were utilized during the transaction.

In opposing the motion, the State noted that they did not intend to introduce the disputed evidence and that "until the court says that [the evidence] is admissible, we will consider it inadmissible." The trial court responded to the motion by reserving the right to "rule on [admissibility] at the proper time. Let's see what the evidence

---

[1] The child died after being shot by a police officer during the gun battle.

shows"; it instructed the parties that "[i]f it comes up, announce that you have a motion to be heard outside the presence of the jury."

Appellant asserts that the trial court erred by failing to grant a mistrial after witnesses improperly placed appellant's character in issue. However, "[t]he decision to grant or deny a motion for mistrial is necessarily a matter within the discretion of the trial court, and the court's exercise of that discretion will not be disturbed on appeal unless it is apparent that a mistrial is essential to preserve the defendant's right to a fair trial." *Culbreath v. State*, 258 Ga. 373, 376 (369 SE2d 29) (1988), overruled on other grounds, *Turner v. State*, 262 Ga. 359, 361 (418 SE2d 52) (1992).

"When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982). Further, "in order to preserve an issue for appellate review after curative instructions are given the motion for mistrial must be renewed [or the] issue is barred." *Woodham v. State,* 263 Ga. 580, 582 (439 SE2d 471) (1993); *Garcia v. State*, 207 Ga. App. 653, 657 (428 SE2d 666) (1993); *Leary v. State*, 206 Ga. App. 191 (424 SE2d 903) (1992).

Notably, the trial court record regarding the motion in limine is unclear, but the transcript indicates that, while a motion was made by the appellant's counsel, the trial court refused to grant the motion and instead reserved ruling on the admissibility of the disputed evidence individually, as it arose at trial.[2] Such a ruling was appropriate, since the evidence of the prior drug buy and drugs observed on the premises by the informant, which formed the basis for the probable cause to obtain the search warrant, was relevant and material and was admissible. To the extent that the evidence was excluded under the pretext of a motion in limine, this error served only to benefit the appellant. Thus, the infrequent references by witnesses to "a controlled buy," "marked city funds," "another informant buy," or to purchases of drugs by the government informant who participated in the controlled buy were relevant and material to the issue of probable cause, and the admission of such testimony was harmless error. The trial court instructed the jury to disregard such testimony in curative instructions.

Even pretermitting the fact that the motion in limine precluded all evidence regarding the appellant's previous drug sales, appellant

---

[2] This Court disregards the footnote in appellee's brief that concedes that this motion in limine was granted by the trial court, since no such approval appears in the record.

has provided no evidence that the State intentionally violated their agreement regarding the motion. Several of the challenged statements were subsequently ruled to be nonresponsive, and one statement was elicited, without objection, by appellant's counsel, who now seeks to use it as a basis for a mistrial. Further, appellant's counsel failed to preserve the motions for mistrial after curative instructions were given to remedy the questionable statements. Finally, appellant has not established harm as a result of the alleged errors, since the remaining, unchallenged evidence supports the verdict, as outlined below.

Therefore, in light of all the evidence, viewed in the light most favorable to the verdict, *Rigenstrup v. State*, 197 Ga. App. 176, 181 (398 SE2d 25) (1990), this Court finds that there was no abuse of discretion on the part of the trial court in refusing to grant a mistrial and therefore affirms the judgment of the court below on these issues.

2. In the seventh enumeration of error, appellant asserts that the trial court erred by excluding evidence of the dangerous environment at East Lake Meadows apartment complex. Appellant's counsel intended to prove the defense of justification by showing that the area surrounding the apartment was so dangerous that appellant was in fear of harm to himself and his family, and that the appellant was acting in self-defense when he shot at police officers who entered his apartment in the middle of the night.

The State submitted a motion in limine to exclude such evidence unless the appellant testified regarding his intent and actual knowledge of the dangerous environment, thereby establishing that he had the requisite state of mind to support a self-defense theory.[3] See OCGA § 16-3-21. The trial court granted the motion, instructing appellant's counsel that "you will have to show that [appellant] knew" about the dangers before the challenged evidence would be admissible. When appellant's counsel attempted to introduce testimony regarding a theft ring in the complex, the State successfully objected; appellant's counsel did not proffer evidence about what the excluded testimony would have included.

This Court has held that a witness's testimony that referred only to "prior threats . . . and not to any specific threat" made to a defendant in support of a self-defense theory was "too remote and had no probative value" on the question of whether the victim/defendant actually had the reasonable belief that the attacker was going to harm him. *Beck v. State*, 211 Ga. App. 125 (438 SE2d 391)

---

[3] The State pointed out that, without appellant's testimony, the only admissible evidence of his state of mind was testimony by police officers that appellant told them he had shot a police officer who broke into his apartment.

(1993). Since the defendant's state of mind is a critical element of a self-defense claim, OCGA § 16-3-21, then, as a condition precedent to the admissibility of evidence on such issue, the defendant must testify as to his intent and reasonable belief as an essential element of such an affirmative defense, which would then make other evidence as to the "dangerous environment" relevant and material.

Further, by failing to proffer any specific evidence relating to appellant's state of mind, the issue of justification had not been raised and counsel "failed to show that the [excluded] testimony would have benefited [appellant's case] or that its rejection was sufficiently prejudicial to warrant a reversal of the conviction(s). [Cits.]" (Punctuation omitted.) *Fulton v. State*, 205 Ga. App. 353 (422 SE2d 257) (1992); see also *Cruz-Padillo v. State*, 262 Ga. 629, 631 (422 SE2d 849) (1992). Therefore, this Court affirms the exclusion of the general circumstantial evidence of what might have been the appellant's state of mind and intent as to "reasonable belief," absent appellant's testimony.

Appellant further asserts that the fact that the trial court denied appellant's request for a jury view of the apartment complex on the basis that the area is too dangerous was inconsistent with the ruling on the motion in limine excluding evidence of a dangerous environment in the complex. However, the trial court conditionally excluded the evidence of the dangers if the defendant was unwilling to testify regarding his state of mind. For the same reason, a jury viewing of the complex would have been irrelevant without the accompanying state of mind testimony as to the "reasonable belief" of the appellant that he was in danger.

3. In the eighth enumeration of error, appellant asserts that the trial court erred by failing to charge on the definition of possession of cocaine with intent to distribute. Appellant's counsel cites *Phelps v. State*, 192 Ga. App. 193, 195 (384 SE2d 260) (1989), which states that it is " ' "the duty of the judge, with or without request, to give the jury an appropriate instruction as to the law on each substantive point of issue involved in (a) case" so as to enable the jury to judiciously decide the guilt or innocence of a defendant.' " (Citations omitted.)

However, in the case sub judice, the jury was charged on the meaning of "intent" and the different types of drug possession. Charges were also given on drug possession as a lesser included offense of possession with the intent to distribute, and the jury verdict form included an option to find the appellant "guilty of possession of cocaine," as opposed to possession with the intent to distribute.

Even though there was no specific instruction regarding the intent to distribute, this Court has held that the term "distribute . . . possesses only the ordinary and common dictionary meaning" and, as

such, does not need to be specifically defined in a jury charge. *Watkins v. State*, 206 Ga. App. 575, 578 (426 SE2d 26) (1992). Therefore, this Court finds no error in the failure to specifically charge the jury with a definition of "intent to distribute."

4. The ninth enumeration of error asserts that the trial court erred in failing to give a charge on circumstantial evidence pursuant to OCGA § 24-4-6 with regard to the conviction for possession of cocaine with intent to distribute. Defense counsel apparently made a written request to charge on circumstantial evidence, which was denied by the trial court.

The trial court charged the jury on the State's burden of proof and the nature of circumstantial evidence, as well as the definitions of actual and constructive possession, and sole and joint possession. The circumstantial evidence charge under OCGA § 24-4-6 was not given. However, appellant expressly waived the right to raise this issue on appeal by failing to object to the charges and in not expressly reserving the right to raise objections later, even though the trial court specifically solicited objections from trial counsel following the jury instructions; defense counsel responded "No, your Honor," notwithstanding that his request on circumstantial evidence had been denied. *Wilson v. State*, 259 Ga. 55, 58 (6) (376 SE2d 676) (1989); *Rivers v. State*, 250 Ga. 288, 298 (7) (298 SE2d 10) (1982); *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). Therefore, appellant's allegations regarding the jury charge on circumstantial evidence pursuant to OCGA § 24-4-6 will not be considered.

5. In the tenth and eleventh enumerations of error, appellant asserts that the evidence is insufficient to support appellant's convictions and sentences for aggravated assaults of police officers and possession of cocaine with intent to distribute.

The standard of review of the sufficiency of the evidence to support a conviction is whether the evidence is sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the charges against him. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Edwards v. State*, 209 Ga. App. 304, 305 (433 SE2d 619) (1993).

The State's evidence presented at trial included 39 packets of cocaine, in individual ziplock bags, that were found in a pair of men's pants in the appellant's bedroom. In addition, $2,711 in cash was found in a box in the bedroom, separated into $500 increments, which is typical of cocaine revenue. There was extensive testimony that the appellant shot at the police officers from the bedroom; that the appellant climbed through the bedroom window armed with a shotgun and pointed the weapon at officers; that one police officer sustained shotgun wounds during the gunfight; and that the only empty shotgun shells found in the apartment were in the appellant's

bedroom. Finally, sufficient testimony was presented to prove beyond a reasonable doubt that appellant knew that the persons entering his apartment were police officers and not roving gangs or other criminals. Witness credibility is an issue for the jury and is not subject to appellate review. *Rivers v. State*, 265 Ga. 694, 695 (461 SE2d 205) (1995).

Therefore, we find that the evidence presented at trial, when viewed in the light most favorable to the verdict, *Rigenstrup v. State*, supra, was more than sufficient to support appellant's conviction for aggravated assault on a peace officer and possession of cocaine with intent to distribute.

6. In the final enumeration of error, appellant asserts that, during a hearing on appellant's amended motion for a new trial, the trial court erred by deciding on the merits the issue of the effectiveness of trial counsel. Appellant failed to locate the trial attorney, despite extensive efforts, and could not present her testimony at the hearing. Appellant's newly appointed counsel argued to the trial court that, without such testimony, the court must refrain from ruling on the merits of this issue. However, the trial court, after hearing arguments from each side, concluded that the trial counsel was not ineffective and denied the motion for a new trial.

Appellant argues that the appellate courts of this state have held that the merits of a claim of ineffectiveness of trial counsel cannot be heard without the testimony of the counsel and cites case law to that effect. See *Williams v. State*, 251 Ga. 749, 809 (312 SE2d 40) (1983); *Creson v. State*, 218 Ga. App. 184, 185 (460 SE2d 83) (1995); *Query v. State*, 217 Ga. App. 61 (456 SE2d 704) (1995). However, appellant misstates the law regarding these cases. When trial counsel fails to testify at a motion hearing to defend his representation of the client, the merits of the arguments that are dependent on such testimony will not be subject to review by this Court. *Williams*, supra; *Creson*, supra; *Query*, supra. However, the merits of the trial court's finding on ineffective assistance of counsel are not at issue in the case sub judice; appellant challenges only that the trial court ruled on the ineffectiveness issue without the benefit of testimony from appellant's trial counsel.

This Court has held that if a claim of ineffective counsel "relates to matters outside of the record, . . . then counsel's testimony would probably be needed. But where the 'ineffectiveness' relates to alleged errors made during the course of the trial as shown by the transcript, then trial counsel's testimony may not be required; the record speaks for itself." *Dawson v. State*, 186 Ga. App. 718, 721 (368 SE2d 367) (1988).

In the case sub judice, the claims of ineffectiveness involved charges that trial counsel failed to raise *Batson* objections; failed to

argue a motion to suppress evidence; and had a conflict of interest in her representation of both the appellant and his wife. These issues could be decided from the record and through the testimony of parties and other witnesses.

To require the testimony of trial counsel as a condition precedent to a determination of the merits of a claim of ineffective counsel when the attorney has died, become disabled, or disappeared would constitute a permanent stay. Such argument, if couched as a motion for a continuance, would not be authorized by the Georgia Code. See OCGA § 17-8-24. In order for the appellant to temporarily avoid a ruling on the merits of the claim of ineffective counsel, appellant would be required to show that the absent attorney is expected to be available to testify in the future. See id.; *McLendon v. State,* 123 Ga. App. 290, 297 (180 SE2d 567) (1971). By his own admission, appellant's new counsel has admitted that the trial attorney has disappeared and cannot be found, even through extraordinary efforts.

Therefore, this Court holds that, when a trial counsel is unavailable for a hearing on a claim of ineffective counsel, the trial court shall decide the issue on the record of the case proceedings and other available evidence. Unavailability in this context refers to the death, disability, or disappearance of counsel, and does not refer to temporary unavailability justifying a continuance or to the voluntary nonparticipation of trial counsel under subpoena requiring an attachment to issue to compel attendance at the motion proceedings. If the trial counsel later becomes available after the final adjudication of the issue, and the movant is able to raise a motion of newly discovered evidence, then an extraordinary motion for a new trial, OCGA § 5-5-41 (a); *Bradley v. Bradley,* 232 Ga. 717, 718 (208 SE2d 817) (1974), or a writ of habeas corpus, OCGA § 9-14-1 et seq., may be appropriate.

In the case sub judice, the trial court heard arguments from both the appellant's new counsel and the State, as well as considered excerpts from the record regarding the alleged ineffectiveness of trial counsel, and denied the motion for a new trial. This Court finds no error in the trial court's adjudication of this issue. Since the ruling of the court is not being challenged in this appeal, we will not reach the merits of the trial court's decision. See *Parker v. State,* 220 Ga. App. 303, 307 (469 SE2d 410) (1996); *Williams v. State,* 214 Ga. App. 106 (446 SE2d 789) (1994).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 5, 1996 —
RECONSIDERATION DENIED SEPTEMBER 26, 1996 —

*Bernard Knight*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, John H. Petrey, Assistant District Attorneys*, for appellee.